Case 4:09-cv-00020-RRB   Document 47-1   Filed 10/15/09   Page 1 of 30

September 4, 2009   Gregg Conitz v. Teck Cominco Alaska, Inc., et al.   4:09-CV-00020 RRB
Status Conference; Motion to Lift Stay

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GREGG CONITZ,                    )
                                 )
                                 )
                 Plaintiff,      )
                                 )
vs.                              )
                                 )
TECK COMINCO ALASKA, INC., and   )
NANA REGIONAL CORPORATION,       )
                                 )
                 Defendants.     )
_____ )
Case No. 4:09-CV-00020 RRB

VOLUME I

STATUS CONFERENCE; MOTION TO LIFT STAY

BEFORE THE HONORABLE RALPH R. BEISTLINE
U.S. District Court Judge

                              Fairbanks, Alaska
                              September 4, 2009
                              10:02 a.m.

APPEARANCES:

           FOR THE PLAINTIFF:       MR. KENNETH L. COVELL
                                    Law Office of Kenneth Covell
                                    712 Eighth Avenue
                                    Fairbanks, Alaska 99701

           FOR THE DEFENDANT
           TECK COMINCO ALASKA INC.:  MR. SEAN HALLORAN
                                    Hartig, Rhodes, Hoge,
                                    & Lekisch
                                    717 K Street
                                    Anchorage, Alaska 99501

Page 2

```
 1   APPEARANCES (Continued):

 2           FOR THE DEFENDANT
             NANA REGIONAL CORPORATION
 3           (Telephonic):              MR. THOMAS M. DANIEL
                                        Perkins Coie, LLP
 4                                      1029 West Third Avenue
                                        Suite 300
 5                                      Anchorage, Alaska 99501

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

1                    P R O C E E D I N G S

2    FBXDISTCRTRM-9-4-09

3    10:02:52

4         THE COURT:  So we're on the record.  It's Conitz versus

5    Teck.  It's case 4:09-20.  And I was driving up here a few days

6    ago, and my secretary set this on for a hearing and my first

7    thought was, why is this on?  Because the Ninth Circuit hasn't

8    even relinquished jurisdiction.  But I see this is a companion

9    case.

10        So here's my understanding.  We've got two cases.

11   We've got Conitz versus Teck, which is the one that I still --

12   is still open, the 4:09-20, or at least I still have

13   jurisdiction over it.  Then we have the earlier one where the

14   mandate still rests with the Ninth Circuit; that's 4:06-15.

15        In that earlier case, Mr. Conitz argued that he was

16   discriminated against based on the Native hire preference that

17   Teck Alaska had, or if -- and Teck's response was, no, he

18   wasn't; that is not inappropriate and -- no, he wasn't

19   discriminated against and even if -- even -- the shareholder

20   preference is not illegal and, even if it is, he wasn't

21   discriminated against.  So that went up on the Ninth Circuit

22   and the Ninth Circuit ruled -- they didn't address the

23   shareholder preference issue; they held he wasn't the subject

24   of discrimination and that's the subject of the now motions for

25   reconsideration, motion for en banc, et cetera.

Page 4

1         In the meantime, in the newer case, 4:09-20, the

2    parties seem to agree that the stay should be lifted.  Teck

3    wants to file a motion to have two of the plaintiffs removed

4    because of other resolution to other grounds, and Mr. Conitz

5    wants to resolve the issue with regard to the Native hire

6    preference.  Right?

7         MR. COVELL:  Your Honor, in the broad stroke, I think

8    the court's got a good grip on it.  I didn't quite understand

9    what the court was saying, that you thought that Teck wanted to

10   have two of the plaintiffs removed?

11        THE COURT:  Well, I don't know.  Teck wants the stay

12   lifted so it could file another motion.  Or, what was that all

13   about?

14        MR. COVELL:  I think they filed a summary judgment

15   essentially and.....

16        THE COURT:  Is that what.....

17        MR. COVELL:  .....they may.....

18        THE COURT:  Teck requested to lift the stay and also

19   asked -- gave notice of a related proceeding.

20        MR. COVELL:  Right.

21        THE COURT:  And based on the related proceeding, is

22   filing a motion for summary judgment.  Is that right?

23        MR. HALLORAN:  Not quite, Your Honor.

24        THE COURT:  Not quite.  Tell me what's right.

25        MR. HALLORAN:  We filed a motion for summary judgment

Page 5

1    before the stay was.....

2          THE COURT:  Right.

3          MR. HALLORAN:  .....put in effect, saying that it

4    should be dismissed on res judicata grounds, essentially saying

5    he could have brought the claims that are different from the

6    last lawsuit in the last lawsuit.  And because he could have,

7    he should have been therefore res judicata.

8          THE COURT:  I haven't read that for three years or two

9    years, so I'm not up -- or whenever.  I haven't reviewed that

10   because the case has been stayed.  Now, you wanted the stay

11   lifted and you want me to consider the summary judgment motion?

12         MR. HALLORAN:  The stay was in effect because.....

13         THE COURT:  I understand that.

14         MR. HALLORAN:  .....of the Ninth Circuit.  The Ninth

15   Circuit rules.  So we intend to renew our motion that we

16   earlier filed for summary judgment on res judicata.....

17         THE COURT:  Okay.

18         MR. HALLORAN:  .....the minute that you tell us that

19   the stay is lifted.  We also had a motion for change of venue

20   to Anchorage, and we intend to renew that motion as soon as the

21   stay is lifted.

22         THE COURT:  Okay.

23         MR. HALLORAN:  The motion is not based upon the

24   proceedings before the Human Rights Commission.

25         THE COURT:  Okay.  I just happened to notice that that

Page 6

1   was -- I saw that notice-related case and thought that was

2   relevant.  Apparently, that's not an issue before us yet at

3   this point.

4          MR. HALLORAN:  Not at this moment.

5          THE COURT:  Okay.  All right.  Now, Mr. Covell, what do

6   you want?

7          MR. COVELL:  Well, Judge, thank you.  Here is what I

8   see, Your Honor.  It's unlikely the Ninth Circuit is going to

9   take further action.

10          THE COURT:  I don't know.

11          MR. COVELL:  If they do, we can field that ball when

12   it's hit to us.

13          THE COURT:  Okay.

14          MR. COVELL:  But let's assume they don't.  We're here,

15   Your Honor, and we're going to continue to be here one way or

16   the other to try to get appellate review of the core issue in

17   the case.

18          THE COURT:  Right.

19          MR. COVELL:  I don't know that the court has had an

20   opportunity to review the May 15th hearing of 2008 or.....

21          THE COURT:  Yeah, I've read it.  You had it attached

22   and underlined and highlighted.  Yes.

23          MR. COVELL:  Okay.  So the court has read it and, you

24   know.....

25          THE COURT:  I wasn't as eloquent as I usually am on

Page 7

1   that occasion, but I didn't know everything was going to be

2   underlined and highlighted, but okay.

3        MR. COVELL:  That's the problem with having these

4   recorded in the courtroom, of course.

5        THE COURT:  That's right.

6        MR. COVELL:  What I took away from that hearing, Your

7   Honor, was that Your Honor agreed that what we needed to do was

8   resolve the Native Alaska shareholder hire preference before we

9   went on with discovery because if we had that resolved against

10  us, we were going to go away.

11       The Ninth Circuit chose -- and my recollection of the

12  hearing, and reading and hearing, was that the other parties

13  agreed to have that adjudicated, then, and were essentially

14  agreeing that the Ninth Circuit ought to decide it.  However,

15  when we did briefing in the Ninth Circuit, they urged the Ninth

16  Circuit to avoid the issue, which they did.  It's not as -- the

17  court said they didn't decide it.

18       Mr. Conitz, I believe, is entitled to redress in his

19  grievances in the courts of the United States, and that's what

20  we're asking for.

21       To proceed in this matter, I crafted my complaint

22  slightly different than last time and I alleged under federal

23  law a violation not only of 2000e-2(a)(1), but 2000e-2(a)(2).

24  And just for everybody else's benefit, I'm sure they wouldn't

25  make the same mistake I made, but it's not 2000-e(2)(A)(2).

Page 8

1    It's 2000e-2(a)(2), because you end up in a different spot.

2         But that, essentially, I believe it to codify a hostile

3    work environment and whether or not a hostile work environment

4    statutorily and otherwise is different I'm not quite sure, but

5    in any event it provides it's an unlawful employment practice

6    to limit, segregate, or classify employees in any way which

7    would deprive or tend to deprive any individual employment

8    opportunities or otherwise adversely affect his status as an

9    employee because of such individual's race, color, religion,

10   sex, or national origin.

11        There is a parallel section of the state code, the

12   Human Rights Act, AS 18.80.220(a)(3), and that provides an

13   employer -- it's an unlawful employment practice for an

14   employer to print or circulate or cause to be printed or

15   circulated a statement in connection with prospective

16   employment -- I'm paraphrasing by the way in both of these,

17   Your Honor -- in connection with prospective employment that

18   expresses directly or indirectly a limitation, specification,

19   or discrimination as to race, color, national origin, or an

20   intent to make the limitation.

21        So what would be my intention, Your Honor, in this

22   matter is to make the motion -- and this is based upon their

23   admission that they have a policy -- our position is they have

24   a policy for 100 percent Native Alaska NANA shareholder

25   preference.  Their statement, their admission is that they have

Page 9

 1   a limited one: it only applies when parties are equally

 2   qualified.

 3        For purposes of deciding the -- whether or not there's

 4   a violation here, the extent of the preference doesn't matter.

 5   If they have it, then it's a violation of this law, assuming --

 6   and the court has disagreed with me here -- assuming that the

 7   shareholder status preference is equivalent or a proxy for

 8   race, which this court has said it's not, but.....

 9        THE COURT:  I think I said that based on some other

10   authority, if I remember correctly.

11        MR. COVELL:  Right.  You cited to Morton v. Mancari,

12   Doe v. Kamehameha, and AGC versus Pierce, page 4 of your

13   opinion, which I'm sure you remember all that.

14        THE COURT:  Okay.  Yeah.

15        MR. COVELL:  Okay.  So what would be my intention to do

16   is file a motion for injunctive relief, permanent and/or

17   temporary injunction on this issue and I expect Your Honor is

18   going to issue an opinion the same or of the same -- and I

19   don't mean this negatively -- the word that's coming to me is

20   ilk.  The same ilk as last time.

21        THE COURT:  No, that's all right.

22        MR. COVELL:  And then we can fast-track this right back

23   up to the Ninth Circuit.

24        THE COURT:  Okay.

25        MR. COVELL:  Now, I think that we ought not to go in,

Page 10

1   as the court said the last time, and spend lots of money on

2   discovery, because we can do that.  And if the court makes me

3   or wants me to.....

4         THE COURT:  Well, why don't you just file the motion?

5         MR. COVELL:  Well.....

6         THE COURT:  Assume we lift the stay and you file your

7   motion and he files his motion and.....

8         MR. COVELL:  Well, here's the problem, Judge.  I can do

9   that -- I think it's -- if -- but the problem is what happened

10  last time around was they had a summary judgment motion and I

11  said to Your Honor, I need to do more discovery.  And Your

12  Honor said to me, well, I don't think that's necessary; we'll

13  decide the legal issue here first.  And then when we went to

14  the Ninth Circuit, they said, Mr. Covell, you're short of

15  facts.  So that's my problem here.  I don't want to repeat

16  that.

17         I would frankly think that the defendants sooner or

18  later don't want to keep repeating that.  So my suggestion to

19  the court is you lift the stay to a limited extent; I file that

20  motion; and, I suppose, Your Honor, and perhaps I'm accused of

21  not being able to be fair, but -- and, I don't know, I guess

22  we're going to write this in concrete.  Outside of developing

23  facts, and I want the Judge to just be absolutely clear about

24  that and I'll probably ask for a written order and stipulation

25  this time around -- that if they want to make a preclusive

Page 11

1    effect argument as to the last time we were in front of you or

2    as to the MO&J, which isn't precedent, or as to the ASCHR

3    proceeding, that they ought to be able to do that if they want

4    to do that to the point it's a legal issue.

5         I would point out to the court that when Mr. Halloran

6    filed his Notice of Related Proceeding about the ASCHR

7    proceeding and then cited to AS 18.80.280, which provides, and

8    he quoted directly from the statute, not a paraphrase, this is

9    what it says:  The acquittal of a person by the commission or a

10   court of competent jurisdiction of any alleged violation of

11   this chapter is a bar to any other action, civil or criminal,

12   based on the same act or admission.

13        It sounds like what we're going to do here, arguably,

14   is governed by them if the court -- federal court were to

15   concede to that.  But if you go to the annotations, the first

16   annotation under the statute says:  Commission staff, after

17   formal investigation, found a lack of substantial evidence to

18   support it, was not an "acquittal" of state employer and thus

19   employee was not statutorily barred from bringing a statutory

20   discrimination claim in Superior Court.  The commission never

21   adjudicated the merits of employee's discrimination claims.

22        I believe that's the case here.  So this whole issue, I

23   think, is a red herring for the court.

24        So, Your Honor, that's my suggestion to the court

25   because Your Honor has already done his work on this case and,

Page 12

1    you know, what I heard you say was, let's have the Ninth

2    Circuit figure this out.  And, essentially, in my mind today

3    here, whatever it is, September 4, 2009, we're exactly in the

4    same spot we were on May 15th, 2008.  Thank you.

5            THE COURT:  Okay.  Your turn.

6            MR. DANIEL:  Are you speaking to me, Your Honor?

7            THE COURT:  No, I didn't even know you were there.  Go

8    ahead.  I forgot you were there.  No, counsel.

9            MR. DANIEL:  This is Tom Daniel in Anchorage, and I

10   hope to be the intervenor.  I have a pending motion to

11   intervene.....

12           THE COURT:  I saw that.  I.....

13           MR. DANIEL:  .....when it's ripe.

14           THE COURT:  I saw that.  I'm thinking about that.

15   That's opposed, so I've got to consider that.  Go ahead.  I

16   don't think Mr. Covell agreed with that motion, if I read --

17   picked up the tenor of his opposition.

18           MR. DANIEL:  Right.  He did object.  And the only

19   comment I would make on what has been said, assuming I am

20   granted intervention status, is I think the court should wait

21   until the Ninth Circuit completely disposes of the appeal and

22   mandates issues because there's going to be a huge issue in

23   this case about whether the previous decision has conclusions

24   of fact or is res judicata as to the second case.  And it seems

25   to me that that's the first issue that will need to be briefed

Page 13

1   in the second case.  And I'll defer to Mr. Halloran further on

2   that point.

3         MR. HALLORAN:  Well, I disagree with everyone so far.

4         THE COURT:  All right.  Go ahead.

5         MR. HALLORAN:  We filed a motion for res judicata, as I

6   mentioned before.  It does not have any bearing upon the

7   proceedings that were before the Human Rights Commission.  I

8   mean the thrust of our motion is that Mr. Conitz had the

9   ability to bring all of the claims that are in this lawsuit.

10  To the extent that there are claims that weren't already in the

11  last lawsuit, he had the ability to bring them in the last

12  lawsuit.  And that fact alone requires the finding of res

13  judicata and the dismissal of this litigation.

14        THE COURT:  Okay.

15        MR. HALLORAN:  And that is an issue that we're going to

16  reraise the minute that the stay is lifted and I think that

17  that needs to be addressed without regard for, you know, what

18  the Ninth Circuit may or may not yet do.  You know, if we win

19  at the Ninth Circuit, it's still res judicata; if we lose at

20  the Ninth Circuit, it's still res judicata.  That's our

21  position.

22        So I disagree with Mr. Daniel that there's any need to

23  wait longer and I disagree with Mr. Covell that we have ever

24  wanted to get the issue of shareholder hire and we still

25  dispute that it's not a Native hire preference; it's a

Page 14

1   shareholder hire preference.  But we've never wanted to get

2   that issue before the Ninth Circuit or tried or agreed.

3        In this case, as in the last case, you know, if that's

4   the direction that this is going to go, then we will file

5   motions and say there are no facts upon which that issue comes

6   into play because the reality is that Mr. Conitz doesn't get

7   the jobs that he applies for because he's not what they're

8   looking for to fill those positions.  And it has no

9   relationship to the shareholder hire policy; that has never

10  come into effect yet and we're going to be arguing the same

11  thing.

12       Now, if you ever get to that as a fall-back, we will

13  again argue that shareholder hire is lawful, but if he takes an

14  appeal from this case back to the Ninth Circuit, I doubt that

15  they'll address the issue again because, first, there are going

16  to be procedural hurdles that they're going to look at and then

17  they're going to look at the facts and only if they overcome

18  those hurdles and find that there are facts that warrant, you

19  know, looking at shareholder hire, they're going to get to that

20  legal issue.  And it's the same posture we were in the last

21  time we were in this court; it's going to be the same thing in

22  this one.  And that's kind of where we stand.

23       THE COURT:  So you want me to lift the stay and what?

24  And rule on your motion?

25       MR. HALLORAN:  And rule -- renew our motion for summary

Page 15

1  judgment on the basis of res judicata.  We'll also renew our

2  motion for change of venue to Anchorage.  And the plaintiff is

3  in Anchorage, the defendant is in Anchorage, all the witnesses

4  are either in Anchorage or have to travel through Anchorage to

5  come to Fairbanks.  That was the basis for that motion.

6        THE COURT:  Okay.  Anybody else have anything else to

7  say?

8        MR. COVELL:  Your Honor, if -- I, myself, have not read

9  the summary judgment motion in a few years and I didn't read it

10 that carefully when it came out or I guess it's not a few

11 years.  However long it's been since this case.....

12       THE COURT:  Whatever it is, it's.....

13       MR. COVELL:  Whenever this case was filed.  But

14 assuming that there are some fact-based issues in there and

15 somehow I suspect there is, I'll repeat my words to this court

16 that I agreed -- that I stated on May 15, 2008.  I would need

17 time, then, to do discovery if we're going to go that way.

18 And, again, I urge the court to avoid getting us into fact

19 issues.

20       THE COURT:  Well, you don't object to them proceeding

21 on their motion for res judicata, then?  I mean, the stay is

22 lifted.  They want to -- that's a pend -- that's re --

23 that.....

24       MR. COVELL:  If -- Judge, it seems fair to me.....

25       THE COURT:  You're not trying to.....

Page 16

1          MR. COVELL:  .....if they want to say the last case

2    ought to have preclusive effect here, that they ought to be

3    able to make that argument, if it can be done without

4    discovery.

5          THE COURT:  So let's presume that I lift the stay

6    today.  Then you'll renew your motions and you'll -- and

7    there's nothing precluding you from filing the motion for

8    summary judgment, is there, as to the validity of the

9    shareholder preference.....

10          MR. COVELL:  I think.....

11          THE COURT:  .....or Native hire, whatever you want to

12    call it?

13          MR. COVELL:  I think it'd be a motion for injunction,

14    Your Honor.

15          THE COURT:  Okay.

16          MR. COVELL:  I don't think it'd be a motion for summary

17    judgment.

18          THE COURT:  Okay.

19          MR. COVELL:  Summary judgment has got to involve facts.

20    I don't think we need to develop any facts.  We have an

21    admission here that they have a NANA shareholder preference for

22    NANA shareholders when they're equally qualified with another

23    applicant for a job.  So that means in the workplace -- and my

24    argument then is that fits 18.80.220(a)(3) and 42 USC 2000e-

25    2(a)(2).

Page 17

1          THE COURT:  Okay.

2          MR. COVELL:  And then that -- if it does, then we get

3     the injunction.

4          THE COURT:  What I'd like to see is you file your

5     motion.....

6          MR. COVELL:  Okay.

7          THE COURT:  .....whenever it is.....

8          MR. COVELL:  Okay.

9          THE COURT:  .....and I'll deal with your motion.  And

10    I'll be able to then, in the calm of my chambers with both --

11    you know, with everything in front of me, be able to bring all

12    these issues back up and try to do what is appropriate under

13    the circumstances.  What I have learned from this whole process

14    is that if -- I should not interrupt counsel while they're

15    speaking because it looks horrible on a transcript nor should

16    counsel interrupt me because we spend a lot of time trying to

17    figure out what the -- where the sentence began and then where

18    it ultimately ended.

19         So I've learned something greatly already and I

20    appreciate that.  I've studied that transcript twice in the

21    last two days.  But I think I -- you know, I -- it seems to me

22    that the stay should be lifted if both parties agree to it;

23    that both parties should be able to then make their arguments

24    and that I will then resolve them to the best I can.  If it

25    requires -- if it appears that further discovery is going to be

Page 18

1   necessary, I'll say so.  If it doesn't appear necessary, then

2   that's fine as well.

3        As I understand it, the defendant feels that this

4   matter should be handled first with regard to the res judicata

5   issue.  If the defendant loses on the res judicata issue, then

6   I suppose I have to then -- I don't think any discovery

7   necessarily would be required to address the motion for

8   injunction.  Would it?

9        MR. COVELL:  I don't think so, Judge.

10       THE COURT:  So just -- so I guess we can -- how about

11  if we lift the stay for 90 days to -- for everyone to file the

12  motions they have in their minds and then we'll just hold

13  discovery in abeyance until we work through that.  Is that

14  reasonable or is that unreasonable?

15       MR. COVELL:  Well, Judge, I think that's reasonable,

16  but I think there's potentially a difference between what the

17  court just said about the res judicata motion versus what the

18  defendants may have on their mind.

19       THE COURT:  I don't know what anybody has on their mind

20  and I haven't read that motion forever.  A long time.

21       MR. COVELL:  Perhaps Mr. Halloran wants to attempt to

22  enlighten us, if we seem to be on the same page or not.

23       THE COURT:  Are we?

24       MR. HALLORAN:  I'm not sure what Mr. Covell is

25  referring to here.  I mean I haven't seen his motion for an

Page 19

1   injunction.  I mean, we're certainly going to oppose it and

2   we'll oppose it on a number of grounds and my guess is that the

3   facts are going to be, you know, a large part of that.  I mean,

4   I don't think that he has -- I'm not sure that he even has

5   standing to raise an issue about, you know, enjoining the

6   application of a shareholder hire policy where he's never been

7   involved in any decision that was affected by shareholder hire

8   policy.

9         So, I mean, those facts are going to come into play and

10   we'll have affidavits from everyone at the mine who is involved

11   in those decisions to say that, you know, Mr. Conitz has never

12   been affected by them.

13         THE COURT:  Okay.  Is this Mr. Conitz right here?

14         MR. COVELL:  It is, Your Honor.

15         THE COURT:  Good morning, sir.

16         MR. CONITZ:  Good morning.

17         THE COURT:  Do you still work at the mine?

18         MR. CONITZ:  Yes, I do, Your Honor.

19         THE COURT:  Okay.  Well, I've heard your name a lot.

20   Okay.

21         MR. COVELL:  He's heard your name a lot, too.

22         THE COURT:  Yeah, but I'm sure it's not near as bad as

23   you may have heard.

24         Listen, I'm going to stay discovery for 90 days.  I'm

25   going to allow the parties to file whatever -- I'm lifting the

Page 20

1   stay; otherwise allow the parties to file whatever motions they

2   want.

3         MR. COVELL:  Okay.  So just -- I'm just being clear

4   here, Judge.  Discovery is stayed for 90 days; we've got 90

5   days to file motions.

6         THE COURT:  It's just like you said.

7         MR. COVELL:  That's amazing.  All right.  And just for

8   everybody's.....

9         THE COURT:  But maybe let -- should I restate that?

10        MR. COVELL:  Now, for everybody's information, I'll try

11  to have my motion in in 30 days.

12        THE COURT:  Okay.  So is everybody happy?

13        MR. COVELL:  Like clams.

14        MR. HALLORAN:  I am.

15        MR. COVELL:  Like clams.

16        MR. DANIEL:  Your Honor, this is Tom Daniel in

17  Anchorage.  I'm perhaps the only one that's unhappy because I'd

18  like a ruling on my motion to intervene so I can notice -- I

19  can participate in the briefing on these issues.

20        THE COURT:  Well, listen, did you see Mr. Covell's

21  opposition?

22        MR. DANIEL:  Yes.

23        THE COURT:  Would you like five days to reply?

24        MR. DANIEL:  I actually will -- am willing to waive a

25  reply.

Page 21

1          THE COURT:  Okay.  Well, then, let me think about it.

2     I just read it.....

3          MR. DANIEL:  Okay.

4          THE COURT:  I just read it this morning, his

5     opposition.  So he's opposed to it and you're in favor of it,

6     right?

7          MR. DANIEL:  Correct.

8          MR. HALLORAN:  Right.

9          THE COURT:  And -- okay.  And you want.....

10         MR. COVELL:  And for the record, Your Honor, when you

11    said you're in favor of it, you pointed to Mr. Halloran.

12         THE COURT:  Right.

13         MR. COVELL:  Thank you.

14         THE COURT:  So that the issue -- but in the last

15    proceeding, NANA was a party.

16         MR. COVELL:  Correct.

17         MR. HALLORAN:  Right.

18         MR. DANIEL:  That's correct, Your Honor.

19         THE COURT:  And in this part -- and, Mr. Covell, you

20    think that they would just muddy the waters if they were a

21    party in this proceeding?

22         MR. COVELL:  Absolutely, Judge.  You know, they asked

23    for fees, they briefed the issue, and my representation

24    according to the character of the May 15th hearing was they

25    said, yeah, this is the issue, let's take it up on appeal and

Page 22

1    get it decided.  And when we got there, they said don't decide

2    it.

3         THE COURT:  So are you -- you don't like the fact that

4    they asked for fees?  They come in and they argue the same

5    thing that the defendant argues and then they ask for more

6    fees.  Is that what bothers you?

7         MR. COVELL:  That's one of the things, Judge.

8         THE COURT:  Okay.

9         MR. COVELL:  It's two sets of pleadings to answer; it's

10   two attorneys to take your phone calls.

11        THE COURT:  Okay.  I'm not -- I'm just curious.

12        MR. COVELL:  There's -- no, I don't mean to have an

13   overbearing manner; it just comes naturally to me, Judge.  I'm

14   sorry.

15        THE COURT:  Okay.

16        MR. COVELL:  So I -- yeah, you're right; it muddies the

17   waters.  That's how I would put it.  And particularly if we're

18   going to -- my intention here is to get us a bee-line to the

19   Ninth Circuit and it sounds like the Teck's issue, essentially,

20   is that, too, saying, hey, we did this already, no need to

21   monkey around here.

22        So Mr. Daniel can file an Amicus brief with the Ninth

23   Circuit.  That's my position.

24        THE COURT:  Okay.  Mr. Logan, how are you doing?

25        MR. LOGAN:  Pretty good.

Page 23

1      THE COURT:  All right.  I just wanted to make the

2   record clear that you were here.

3      MR. COVELL:  In the gallery, Your Honor.

4      THE COURT:  In the gallery.  All right.  Very good.

5   Well, all of you have a great weekend and I'll be looking

6   forward to these pleadings and I'll think about the motion to

7   intervene.  Okay.

8      MR. COVELL:  Thank you, Judge.

9      THE COURT:  All right.  Thank you.

10      MR. HALLORAN:  Thank you, Your Honor.

11      MR. DANIEL:  Thank you, Your Honor.

12      MR. COVELL:  You have a good weekend, too.

13      THE COURT:  All right.

14      THE CLERK:  All rise.  This court now stands adjourned,

15   subject to call.

16   10:29:23

17      (Off record)

18                   ************************
                     END OF REQUESTED PORTION
19                   ************************

20

21

22

23

24

25

Page 24

1          TRANSCRIBER'S CERTIFICATE

2          I, Elizabeth D'Amour, hereby certify that the foregoing

3   pages numbered 3 through 23 are a true, accurate, and complete

4   transcript of proceedings in Case No. 4:09-CV-00020 RRB, Gregg

5   Conitz v. Teck Cominco Alaska Inc.; NANA Regional Corporation,

6   transcribed by me from a copy of the electronic sound recording

7   to the best of my knowledge and ability.

8

9

10

11   _____        _____
     September 8, 2009                  Elizabeth D'Amour, Court Reporter
12                                      Notary Public in and for the
                                        State of Alaska
13                                      Commission Expires: 12/28/10

14

15   S E A L

16

17

18

19

20

21

22

23

24

25

September 4, 2009Gregg Conitz v. Teck Cominco Alaska, Inc., et al.4:09-CV-00020 RRB
Status Conference; Motion to Lift Stay

**A**

abeyance 18:13
ability 13:9,11 24:7
able 10:21 11:3
  16:3 17:10,11,23
absolutely 10:23
  21:22
accurate 24:3
accused 10:20
acquittal 11:9,18
act 8:12 11:12
action 6:9 11:11
address 3:22 14:15
  18:7
addressed 13:17
adjourned 23:14
adjudicated 7:13
  11:21
admission 8:23,25
  11:12 16:21
adversely 8:8
affect 8:8
affidavits 19:10
age 9:12
ago 3:6
agree 4:2 17:22
agreed 7:7,13 12:16
  14:2 15:16
agreeing 7:14
ahead 12:8,15 13:4
alaska 1:2,6,13,18
  1:19,21 2:5 3:17
  7:8 8:24 24:5,12
alleged 7:22 11:10
allow 19:25 20:1
amazing 20:7
amicus 22:22
anchorage 1:21 2:5
  5:20 12:9 15:2,3,3
  15:4,4 20:17
annotation 11:16
annotations 11:15
answer 22:9
anybody 15:6
  18:19
apparently 6:2
appeal 12:21 14:14

21:25
appear 18:1
appearances 1:15
  2:1
appears 17:25
appellate 6:16
applicant 16:23
application 19:6
applies 9:1 14:7
appreciate 17:20
appropriate 17:12
arguably 11:13
argue 14:13 22:4
argued 3:15
argues 22:5
arguing 14:10
argument 11:1
  16:3,24
arguments 17:23
aschr 11:2,6
asked 4:19 21:22
  22:4
asking 7:20
assume 6:14 10:6
assuming 9:5,6
  12:19 15:14
attached 6:21
attempt 18:21
attorneys 22:10
authority 9:10
avenue 1:17 2:4
avoid 7:16 15:18

**B**

back 9:22 14:14
  17:12
bad 19:22
ball 6:11
banc 3:25
bar 11:11
barred 11:19
based 3:16 4:21
  5:23 8:22 9:9
  11:12
basis 15:1,5
bearing 13:6
beeline 22:18

began 17:17
beistline 1:12
believe 7:18 8:2
  11:22
benefit 7:24
best 17:24 24:7
bothers 22:6
brief 22:22
briefed 12:25 21:23
briefing 7:15 20:19
bring 13:9,11 17:11
bringing 11:19
broad 4:7
brought 5:5

**C**

call 16:12 23:15
calls 22:10
calm 17:10
carefully 15:10
case 1:9 3:5,9,15
  4:1 5:10 6:1,17
  11:22,25 12:23,24
  13:1 14:3,3,14
  15:11,13 16:1
  24:4
cases 3:10
cause 8:14
certainly 19:1
certificate 24:1
certify 24:2
cetera 3:25
chambers 17:10
change 5:19 15:2
chapter 11:11
character 21:24
chose 7:11
circuit 3:7,14,21,22
  5:14,15 6:8 7:11
  7:14,15,16 9:23
  10:14 12:2,21
  13:18,19,20 14:2
  14:14 22:19,23
circulate 8:14
circulated 8:15
circumstances
  17:13

cited 9:11 11:7
civil 11:11
claim 11:20
claims 5:5 11:21
  13:9,10
clams 20:13,15
classify 8:6
clear 10:23 20:3
  23:2
clerk 23:14
code 8:11
codify 8:2
coie 2:3
color 8:9,19
come 14:10 15:5
  19:9 22:4
comes 14:5 22:13
cominco 1:6,19
  24:5
coming 9:19
comment 12:19
commission 5:24
  11:9,16,20 13:7
  24:13
companion 3:8
competent 11:10
complaint 7:21
complete 24:3
completely 12:21
concede 11:15
conclusions 12:23
concrete 10:22
conference 1:11
conitz 1:3 3:4,11,15
  4:4 7:18 13:8
  14:6 19:11,13,16
  19:18 24:5
connection 8:15,17
consider 5:11 12:15
continue 6:15
continued 2:1
copy 24:6
core 6:16
corporation 1:7 2:2
  24:5
correct 21:7,16,18
correctly 9:10

counsel 12:8 17:14
  17:16
course 7:4
court 1:1,12 3:4 4:9
  4:11,16,18,21,24
  5:2,8,13,17,22,25
  6:5,10,13,18,19
  6:21,23,25 7:5,17
  9:6,8,9,14,21,24
  10:1,2,4,6,19 11:5
  11:10,14,14,20,23
  11:24 12:5,7,12
  12:14,20 13:4,14
  14:21,23 15:6,12
  15:15,18,20,25
  16:5,11,15,18
  17:1,4,7,9 18:10
  18:17,19,23 19:13
  19:15,17,19,22
  20:6,9,12,20,23
  21:1,4,9,12,14,19
  22:3,8,11,15,24
  23:1,4,9,13,14
  24:11
courtroom 7:4
courts 4:8 7:19
covell 1:16,17 4:7
  4:14,17,20 6:5,7
  6:11,14,19,23 7:3
  7:6 9:11,15,22,25
  10:5,8,14 12:16
  13:23 15:8,13,24
  16:1,10,13,16,19
  17:2,6,8 18:9,15
  18:21,24 19:14,21
  20:3,7,10,13,15
  21:10,13,16,19,22
  22:7,9,12,16 23:3
  23:8,12
covells 20:20
covells 20:20
crafted 7:21
criminal 11:11
curious 22:11

**D**

damour 24:2,11
daniel 2:3 12:6,9,9

September 4, 2009Gregg Conitz v. Teck Cominco Alaska, Inc., et al.4:09-CV-00020 RRB
Status Conference; Motion to Lift Stay

12:13,18 13:22
20:16,16,22,24
21:3,7,18 22:22
23:11
**days** 3:5 17:21
18:11 19:24 20:4
20:5,11,23
**deal** 17:9
**decide** 7:14,17
10:13 22:1
**decided** 22:1
**deciding** 9:3
**decision** 12:23 19:7
**decisions** 19:11
**defendant** 1:19 2:2
15:3 18:3,5 22:5
**defendants** 1:8
10:17 18:18
**defer** 13:1
**deprive** 8:7,7
**develop** 16:20
**developing** 10:22
**didnt** 3:22 4:8 7:1
7:17 12:7 15:9
**difference** 18:16
**different** 5:5 7:22
8:1,4
**direction** 14:4
**directly** 8:18 11:8
**disagree** 13:3,22,23
**disagreed** 9:6
**discovery** 7:9 10:2
10:11 15:17 16:4
17:25 18:6,13
19:24 20:4
**discriminated** 3:16
3:19,21
**discrimination**
3:24 8:19 11:20
11:21
**dismissal** 13:13
**dismissed** 5:4
**disposes** 12:21
**dispute** 13:25
**district** 1:1,2,12
**doe** 9:12
**doesnt** 9:4 14:6

18:1
**doing** 22:24
**dont** 4:11 6:10,14
6:19 9:19 10:4,12
10:15,18,21 12:16
15:20 16:16,20
18:6,9,19 19:4
22:1,3,12
**doubt** 14:14
**driving** 3:5

**E**

**earlier** 3:13,15 5:16
**effect** 5:3,12 11:1
14:10 16:2
**eighth** 1:17
**either** 15:4
**electronic** 24:6
**elizabeth** 24:2,11
**eloquent** 6:25
**elses** 7:24
**employee** 8:9 11:19
**employees** 8:6
11:21
**employer** 8:13,14
11:18
**employment** 8:5,7
8:13,16,17
**en** 3:25
**ended** 17:18
**enjoining** 19:5
**enlighten** 18:22
**entitled** 7:18
**environment** 8:3,3
**equally** 9:1 16:22
**equivalent** 9:7
**essentially** 4:15 5:4
7:13 8:2 12:2
22:19
**et** 3:25
**event** 8:5
**everybody** 7:24
20:12
**everybodys** 20:8,10
**evidence** 11:17
**exactly** 12:3
**expect** 9:17

**expires** 24:13
**expresses** 8:18
**extent** 9:4 10:19
13:10

**F**

**fact** 12:24 13:12
15:18 22:3
**factbased** 15:14
**facts** 10:15,23 14:5
14:17,18 16:19,20
19:3,9
**fair** 10:21 15:24
**fairbanks** 1:13,18
15:5
**fallback** 14:12
**far** 13:3
**fasttrack** 9:22
**favor** 21:5,11
**fbxdistcrtrm9409**
3:2
**federal** 7:22 11:14
**feels** 18:3
**fees** 21:23 22:4,6
**field** 6:11
**figure** 12:2 17:17
**file** 4:3,12 9:16 10:4
10:6,19 14:4 17:4
18:11 19:25 20:1
20:5 22:22
**filed** 4:14,25 5:16
11:6 13:5 15:13
**files** 10:7
**filing** 4:22 16:7
**fill** 14:8
**find** 14:18
**finding** 13:12
**fine** 18:2
**first** 3:6 10:13
11:15 12:25 14:15
18:4
**fits** 16:24
**five** 20:23
**foregoing** 24:2
**forever** 18:20
**forgot** 12:8
**formal** 11:17

**forward** 23:6
**found** 11:17
**frankly** 10:17
**front** 11:1 17:11
**further** 6:9 13:1
17:25

**G**

**gallery** 23:3,4
**getting** 15:18
**go** 7:10 9:25 11:15
12:7,15 13:4 14:4
15:17
**going** 6:8,15 7:1,10
9:18 10:22 11:13
12:22 13:15 14:4
14:10,15,16,17,19
14:21 15:17 17:25
19:1,3,9,24,25
22:18
**good** 4:8 19:15,16
22:25 23:4,12
**governed** 11:14
**granted** 12:20
**great** 23:5
**greatly** 17:19
**gregg** 1:3 24:4
**grievances** 7:19
**grip** 4:8
**grounds** 4:4 5:4
19:2
**guess** 10:21 15:10
18:10 19:2

**H**

**halloran** 1:19 4:23
4:25 5:3,12,14,18
5:23 6:4 11:5
13:1,3,5,15 14:25
18:21,24 20:14
21:8,11,17 23:10
**handled** 18:4
**happened** 5:25
10:9
**happy** 20:12
**hartig** 1:20
**hasnt** 3:7

**havent** 5:8,9 18:20
18:25
**heard** 12:1 19:19
19:21,23
**hearing** 3:6 6:20
7:6,12,12 21:24
**held** 3:23
**heres** 3:10 10:8
**herring** 11:23
**hes** 14:7 19:6,21
21:5
**hey** 22:20
**highlighted** 6:22
7:2
**hire** 3:16 4:5 7:8
13:24,25 14:1,9
14:13,19 16:11
19:6,7
**hit** 6:12
**hoge** 1:20
**hold** 18:12
**honor** 4:7,23 6:8,15
7:7,7 8:17,21 9:17
10:11,12,20 11:24
11:25 12:6 15:8
16:14 19:14,18
20:16 21:10,18
23:3,10,11
**honorable** 1:12
**hope** 12:10
**horrible** 17:15
**hostile** 8:2,3
**huge** 12:22
**human** 5:24 8:12
13:7
**hurdles** 14:16,18

**I**

**id** 17:4 20:17
**ilk** 9:20,20
**ill** 10:24 13:1 15:15
17:9,10 18:1
20:10 23:5,6
**illegal** 3:20
**im** 5:9 7:24 8:4,16
9:13 10:20 12:14
18:24 19:4,22,24

September 4, 2009Gregg Conitz v. Teck Cominco Alaska, Inc., et al.4:09-CV-00020 RRB
Status Conference; Motion to Lift Stay

19:24,25 20:3,17 22:11,11,13
**inappropriate** 3:18
**indirectly** 8:18
**individual** 8:7
**individuals** 8:9
**information** 20:10
**injunction** 9:17 16:13 17:3 18:8 19:1
**injunctive** 9:16
**intend** 5:15,20
**intent** 8:20
**intention** 8:21 9:15 22:18
**interrupt** 17:14,16
**intervene** 12:11 20:18 23:7
**intervenor** 12:10
**intervention** 12:20
**investigation** 11:17
**involve** 16:19
**involved** 19:7,10
**isnt** 11:2
**issue** 3:23 4:5 6:2 6:16 7:16 9:17,18 10:13 11:4,22 12:22,25 13:15,24 14:2,5,15,20 18:5 18:5 19:5 21:14 21:23,25 22:19
**issues** 12:22 15:14 15:19 17:12 20:19
**itd** 16:13,16
**ive** 6:21 12:15 17:19,20 19:19

**J**

**job** 16:23
**jobs** 14:7
**judge** 1:12 6:7 10:8 10:23 15:24 18:9 18:15 20:4 21:22 22:7,13 23:8
**judgment** 4:14,22 4:25 5:11,16 10:10 15:1,9 16:8

16:17,19
**judicata** 5:4,7,16 12:24 13:5,13,19 13:20 15:1,21 18:4,5,17
**jurisdiction** 3:8,13 11:10

**K**

**kamehameha** 9:12
**keep** 10:18
**kenneth** 1:16,17
**kind** 14:22
**know** 4:11 6:10,19 6:24 7:1 10:21 12:1,7 13:17,18 14:3,19 17:11,21 18:19 19:3,5,11 21:22
**knowledge** 24:7

**L**

**lack** 11:17
**large** 19:3
**law** 1:17 7:23 9:5
**lawful** 14:13
**lawsuit** 5:6,6 13:9 13:11,12
**learned** 17:13,19
**legal** 10:13 11:4 14:20
**lekisch** 1:20
**lift** 1:11 4:18 10:6 10:19 14:23 16:5 18:11
**lifted** 4:2,12 5:11 5:19,21 13:16 15:22 17:22
**lifting** 19:25
**limit** 8:6
**limitation** 8:18,20
**limited** 9:1 10:19
**listen** 19:24 20:20
**litigation** 13:13
**llp** 2:3
**logan** 22:24,25
**long** 15:11 18:20

**longer** 13:23
**look** 14:16,17
**looking** 14:8,19 23:5
**looks** 17:15
**lose** 13:19
**loses** 18:5
**lot** 17:16 19:19,21
**lots** 10:1

**M**

**mancari** 9:11
**mandate** 3:14
**mandates** 12:22
**manner** 22:13
**matter** 7:21 8:22 9:4 18:4
**mean** 9:19 13:8 15:21 18:25 19:1 19:3,9 22:12
**means** 16:23
**mentioned** 13:6
**merits** 11:21
**mind** 12:2 18:18,19
**minds** 18:12
**mine** 19:10,17
**minute** 5:18 13:16
**mistake** 7:25
**mo** 11:2
**moment** 6:4
**money** 10:1
**monkey** 22:21
**morning** 19:15,16 21:4
**morton** 9:11
**motion** 1:11 3:25 4:3,12,22,25 5:11 5:15,19,20,23 8:22 9:16 10:4,7,7 10:10,20 12:10,16 13:5,8 14:24,25 15:2,5,9,21 16:7 16:13,16 17:5,9 18:7,17,20,25 20:11,18 23:6
**motions** 3:24 14:5 16:6 18:12 20:1,5

**muddies** 22:16
**muddy** 21:20

**N**

**name** 19:19,21
**nana** 1:7 2:2 8:24 16:21,22 21:15 24:5
**national** 8:10,19
**native** 3:16 4:5 7:8 8:24 13:25 16:11
**naturally** 22:13
**near** 19:22
**necessarily** 18:7
**necessary** 10:12 18:1,1
**need** 10:11 12:25 13:22 15:16 16:20 22:20
**needed** 7:7
**needs** 13:17
**negatively** 9:19
**never** 11:20 14:1,9 19:6,11
**newer** 4:1
**ninth** 3:7,14,21,22 5:14,14 6:8 7:11 7:14,15,15 9:23 10:14 12:1,21 13:18,19,20 14:2 14:14 22:19,22
**notary** 24:12
**notice** 4:19 5:25 11:6 20:18
**noticerelated** 6:1
**number** 19:2
**numbered** 24:3

**O**

**object** 12:18 15:20
**occasion** 7:1
**office** 1:17
**okay** 5:17,22,25 6:5 6:13,23 7:2 9:14 9:15,24 12:5 13:14 15:6 16:15 16:18 17:1,6,8

19:13,19,20 20:3 20:12 21:1,3,9 22:8,11,15,24 23:7
**open** 3:12
**opinion** 9:13,18
**opportunities** 8:8
**opportunity** 6:20
**oppose** 19:1,2
**opposed** 12:15 21:5
**opposition** 12:17 20:21 21:5
**order** 10:24
**origin** 8:10,19
**ought** 7:14 9:25 11:3 16:2,2
**outside** 10:22
**overbearing** 22:13
**overcome** 14:17

**P**

**page** 9:12 18:22
**pages** 24:3
**parallel** 8:11
**paraphrase** 11:8
**paraphrasing** 8:16
**part** 19:3 21:19
**participate** 20:19
**particularly** 22:17
**parties** 4:2 7:12 9:1 17:22,23 19:25 20:1
**party** 21:15,21
**pend** 15:22
**pending** 12:10
**percent** 8:24
**perkins** 2:3
**permanent** 9:16
**person** 11:9
**phone** 22:10
**picked** 12:17
**pierce** 9:12
**plaintiff** 1:4,16 15:2
**plaintiffs** 4:3,10
**play** 14:6 19:9
**pleadings** 22:9 23:6

September 4, 2009Gregg Conitz v. Teck Cominco Alaska, Inc., et al.4:09-CV-00020 RRB
Status Conference; Motion to Lift Stay

point 6:3 11:4,5
    13:2
pointed 21:11
policy 8:23,24 14:9
    19:6,8
portion 23:18
position 8:23 13:21
    22:23
positions 14:8
posture 14:20
potentially 18:16
practice 8:5,13
precedent 11:2
precluding 16:7
preclusive 10:25
    16:2
preference 3:16,20
    3:23 4:6 7:8 8:25
    9:4,7 13:25 14:1
    16:9,21
presume 16:5
pretty 22:25
previous 12:23
print 8:14
printed 8:14
probably 10:24
problem 7:3 10:8,9
    10:15
procedural 14:16
proceed 7:21
proceeding 4:19,21
    11:3,6,7 15:20
    21:15,21
proceedings 5:24
    13:7 24:4
process 17:13
prospective 8:15,17
provides 8:5,12
    11:7
proxy 9:7
public 24:12
purposes 9:3
put 5:3 22:17

Q
qualified 9:2 16:22
quite 4:8,23,24 8:4

quoted 11:8

R
race 8:9,19 9:8
raise 19:5
ralph 1:12
read 5:8 6:21,23
    12:16 15:8,9
    18:20 21:2,4
reading 7:12
reality 14:6
reasonable 18:14
    18:15
recollection 7:11
reconsideration
    3:25
record 3:4 21:10
    23:2,17
recorded 7:4
recording 24:6
red 11:23
redress 7:18
referring 18:25
regard 4:5 13:17
    18:4
regional 1:7 2:2
    24:5
related 4:19,21
    11:6
relationship 14:9
relevant 6:2
relief 9:16
religion 8:9
relinquished 3:8
remember 9:10,13
removed 4:3,10
renew 5:15,20
    14:25 15:1 16:6
repeat 10:15 15:15
repeating 10:18
reply 20:23,25
reporter 24:11
representation
    21:23
requested 4:18
    23:18
required 18:7

requires 13:12
    17:25
reraise 13:16
res 5:4,7,16 12:24
    13:5,12,19,20
    15:1,21 18:4,5,17
resolution 4:4
resolve 4:5 7:8
    17:24
resolved 7:9
response 3:17
restate 20:9
rests 3:14
review 6:16,20
reviewed 5:9
rhodes 1:20
right 4:6,20,22,24
    5:2 6:5,18 7:5
    9:11,21,22 12:18
    13:4 19:13 20:7
    21:6,8,12,17
    22:16 23:1,4,9,13
rights 5:24 8:12
    13:7
ripe 12:13
rise 23:14
rrb 1:9 24:4
rule 14:24,25
ruled 3:22
rules 5:15
ruling 20:18

S
saw 6:1 12:12,14
saying 4:9 5:3,4
    22:20
says 11:9,16
sean 1:19
second 12:24 13:1
secretary 3:6
section 8:11
see 3:8 6:8 17:4
    20:20
seen 18:25
segregate 8:6
sentence 17:17
september 1:14

12:3 24:11
set 3:6
sets 22:9
sex 8:10
shareholder 3:19
    3:23 7:8 8:24 9:7
    13:24 14:1,9,13
    14:19 16:9,21
    19:6,7
shareholders 16:22
short 10:14
sir 19:15
slightly 7:22
soon 5:20
sooner 10:17
sorry 22:14
sound 24:6
sounds 11:13 22:19
speaking 12:6
    17:15
specification 8:18
spend 10:1 17:16
spot 8:1 12:4
staff 11:16
stand 14:22
standing 19:5
stands 23:14
state 8:11 11:18
    24:12
stated 15:16
statement 8:15,25
states 1:1 7:19
status 1:11 8:8 9:7
    12:20
statute 11:8,16
statutorily 8:4
    11:19
statutory 11:19
stay 1:11 4:2,11,18
    5:1,10,12,19,21
    10:6,19 13:16
    14:23 15:21 16:5
    17:22 18:11 19:24
    20:1
stayed 5:10 20:4
stipulation 10:24
street 1:21

stroke 4:7
studied 17:20
subject 3:23,24
    23:15
substantial 11:17
suggestion 10:18
    11:24
suite 2:4
summary 4:14,22
    4:25 5:11,16
    10:10 14:25 15:9
    16:8,16,19
superior 11:20
support 11:18
suppose 10:20 18:6
sure 7:24 8:4 9:13
    18:24 19:4,22
suspect 15:15

T
take 6:9 21:25
    22:10
takes 14:13
teck 1:6,19 3:5,11
    3:17 4:2,9,11,18
    24:5
tecks 3:17 22:19
telephonic 2:3
tell 4:24 5:18
temporary 9:17
tend 8:7
tenor 12:17
thank 6:7 12:4
    21:13 23:8,9,10
    23:11
thats 3:14,24 6:2
    7:3,5,19 9:19,21
    10:12,15 11:22,24
    12:15,25 13:20
    14:3,22 15:22,22
    18:2,15 20:7,17
    21:18 22:7,17,23
theres 9:3 12:22
    13:22 16:7 18:16
    22:12
theyll 14:15
theyre 14:7,16,17

September 4, 2009Gregg Conitz v. Teck Cominco Alaska, Inc., et al.4:09-CV-00020 RRB
Status Conference; Motion to Lift Stay

14:19 16:22 17:14
**thing** 14:11,21 22:5
**things** 22:7
**think** 4:7,14 9:9,25
  10:9,12,17 11:23
  12:16,20 13:16
  16:10,13,16,20
  17:21 18:6,9,15
  18:16 19:4 21:1
  21:20 23:6
**thinking** 12:14
**third** 2:4
**thomas** 2:3
**thought** 3:7 4:9 6:1
**three** 5:8
**thrust** 13:8
**time** 7:22 9:20 10:1
  10:10,25 11:1
  14:21 15:17 17:16
  18:20
**today** 12:2 16:6
**tom** 12:9 20:16
**transcribed** 24:6
**transcribers** 24:1
**transcript** 17:15,20
  24:4
**travel** 15:4
**tried** 14:2
**true** 24:3
**try** 6:16 17:12
  20:10
**trying** 15:25 17:16
**turn** 12:5
**twice** 17:20
**two** 3:10 4:3,10 5:8
  17:21 22:9,10

**U**

**ultimately** 17:18
**underlined** 6:22
  7:2
**understand** 4:8
  5:13 18:3
**understanding**
  3:10
**unhappy** 20:17
**united** 1:1 7:19

**unlawful** 8:5,13
**unreasonable**
  18:14
**urge** 15:18
**urged** 7:15
**usc** 16:24
**usually** 6:25

**V**

**validity** 16:8
**venue** 5:19 15:2
**versus** 3:4,11 9:12
  18:17
**violation** 7:23 9:4,5
  11:10
**volume** 1:10
**vs** 1:5

**W**

**wait** 12:20 13:23
**waive** 20:24
**want** 5:11 6:6
  10:15,18,23,25
  11:3 14:23 15:22
  16:1,11 20:2 21:9
**wanted** 4:9 5:10
  13:24 14:1 23:1
**wants** 4:3,5,11 10:3
  18:21
**warrant** 14:18
**wasnt** 3:18,18,20
  3:23 6:25
**waters** 21:20 22:17
**way** 6:15 8:6,16
  15:17
**weekend** 23:5,12
**went** 3:21 7:9 10:13
**west** 2:4
**weve** 3:10,11 14:1
  20:4
**whats** 4:24
**willing** 20:24
**win** 13:18
**witnesses** 15:3
**word** 9:19
**words** 15:15
**work** 8:3,3 11:25

18:13 19:17
**workplace** 16:23
**wouldnt** 7:24
**write** 10:22
**written** 10:24

**X**

**Y**

**yeah** 6:21 9:14
  19:22 21:25 22:16
**years** 5:8,9 15:9,11
**youll** 16:6,6
**youre** 10:14 15:25
  21:5,11 22:16

**Z**

**0**

**02** 1:14 3:3
**0615** 3:14
**0920** 3:5,12 4:1
**09cv00020** 1:9 24:4

**1**

**1** 7:23
**10** 1:14 3:3 23:16
  24:13
**100** 8:24
**1029** 2:4
**12** 24:13
**15** 15:16
**15th** 6:20 12:4
  21:24
**18** 8:12 11:7 16:24

**2**

**2** 7:23,25,25 8:1
  16:25,25
**2000e** 7:25 16:24
**2000e2** 7:23,23 8:1
**2008** 6:20 12:4
  15:16
**2009** 1:14 12:3
  24:11
**220** 8:12 16:24
**23** 23:16 24:3
**28** 24:13

**280** 11:7
**29** 23:16

**3**

**3** 8:12 16:24 24:3
**30** 20:11
**300** 2:4

**4**

**4** 1:9,14 3:5,12,14
  4:1 9:12 12:3
  24:4
**42** 16:24

**5**

**52** 3:3

**6**

**7**

**712** 1:17
**717** 1:21

**8**

**8** 24:11
**80** 8:12 11:7 16:24

**9**

**90** 18:11 19:24 20:4
  20:4
**99501** 1:21 2:5
**99701** 1:18

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.