IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>        Plaintiff,<br><br>vs.<br><br>TECK ALASKA INCORPORATED,<br><br>        Defendant. | Case No. 4:09-cv-0020-RRB<br><br>**ORDER REGARDING MOTION FOR**<br>**SUMMARY JUDGMENT AT DOCKET 29** |

## I. INTRODUCTION

Before the Court is Defendant Teck Alaska Incorporated ("Teck") with a Motion for Summary Judgment at Docket 29. Teck argues that the claims of Plaintiff Gregg Conitz are barred by the doctrine of res judicata, based on the judgement rendered by this Court and the Ninth Circuit in Conitz v. Teck Cominco Alaska Inc., 4:06-cv-00015-RRB ("Conitz I"). NANA joins with Teck in arguing that the Court's decision in Conitz I precludes any of Conitz's present claims.[1]

Conitz argues that his claims are not barred, because "Conitz did not receive a full and fair hearing in Conitz I; and res

---

    [1]    Docket 37.

judicata does not apply to unreviewed appellate issues."[2] He also argues that "any claim arising after the filing of the complaint in the first case would . . . not be subject to res judicata."[3]

After reviewing the parties' briefs, the Court finds that oral argument on this issue is neither necessary or warranted.

## II. BACKGROUND

Like Conitz I, this case arises out of Conitz's allegation that he was improperly passed over for a number of promotions by Teck. Conitz is a Teck employee working at the Red Dog mine, which is a joint venture between Teck and NANA. In Conitz I, he challenged Teck's policy of giving preference to NANA shareholders and their families in employment decisions. Specifically, he asserted that he had been passed over for promotions in 2004 and 2005 due to the shareholder preference. He alleged that these actions constituted racial discrimination in violation of both federal and Alaska law, and that Teck retaliated against him illegally for bringing his claim.

In Conitz I, this Court issued summary judgment against Conitz on his discrimination claims against Teck. The Court held that Conitz could not claim discrimination in hiring because he was not

---

[2]  Docket 38 at 1.

[3]  Docket 38 at 1.

qualified for the positions for which he applied and because Teck's employment preference for shareholders of the NANA Regional Corporation ("NANA") was not a racial preference.[4] The Court's grant of summary judgment in <u>Conitz I</u> was issued on July 21, 2008.[5] The Ninth Circuit affirmed the Court's decision with regard to Conitz's qualifications, but did not address whether shareholder preference constitutes racial discrimination.[6]

In this case, Conitz alleges that he was similarly discriminated against in September 2007 when he was passed over for a promotion in favor of Jim Baldwin, an Alaska Native/NANA Shareholder.[7] He also alleges that he was discriminated against on July 25, 2008, when he was passed over for a promotion in favor of Charles Barger, an Alaska Native/NANA Shareholder.[8] In both instances, Conitz claims as he did in <u>Conitz I</u> that he was the best qualified candidate for the promotion.

---

[4]   Docket 10, Exhibit 2.

[5]   Docket 10, Exhibit 2.

[6]   Docket 20, Exhibit 1.

[7]   Docket 1 at 10.

[8]   Docket 1 at 10-11.

**III. SUMMARY JUDGMENT**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[9] The moving party always bears the burden of demonstrating the absence of a material issue of fact.[10] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[11] Once the moving party meets this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue of material fact.[12] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[13]

**IV. DISCUSSION**

Both Teck and NANA argue that Conitz's claims stemming from the shareholder preference policy are barred by res judicata. They argue in the alternative that his claims are barred by collateral

---

[9] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[10] Celotex, 477 U.S. at 323.

[11] Id. at 323-325.

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, (1986).

[13] Id.

estoppel. Specifically, they argue that this Court has already rendered judgment on issues which are dispositive in the present case. The Court will address each argument in turn.

    **A.    Counts I, II, III, V, and VII Could Have Been Brought in Conitz I and Are Therefore Barred By Res Judicata**

The doctrine of res judicata applies when "'the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'"[14] A court must look at the following factors to determine whether the two lawsuits arise out of the "same claim or cause of action":

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.[15]

It is also well established that "'[u]nder res judicata, a final judgment on the merits of an action precludes the parties or

---

[14] *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

[15] *Mpoyo* at 987 (quoting *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).

their privies from relitigating issues that were or *could have been raised* in that action.'"[16]

Several of Conitz's claims in the present case are barred by res judicata because they could have been raised in that prior litigation. Counts I and II of the Complaint are based on the premise that the very existence of the shareholder preference policies violates Alaska and federal law, without regard to any specific acts of discrimination against Conitz. These claims clearly could have been brought in Conitz I; the validity of the policy under anti-discrimination laws was the very essence of the whole case.

Counts III, V, and VII of the Complaint all concern the 2007 promotion which was given to Jim Baldwin. These claims likewise could have been brought in Conitz I, because they concern the validity of the shareholder preference and accrued in 2007, well in advance of the July 2008 final judgment.[17]

---

[16]   Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (emphasis added) (quoting Allen v. McCurry, 449 U.S. 90, 93 (1980).

[17]   See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714-15 (9th Cir. 2001) ("Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims.")

The only claims brought by Conitz in this case which could not have been brought in Conitz I are those which stem from the promotion of Charles Barger on July 25, 2008. Although final judgment was not officially entered until July 29, 2008, the Court's ruling on the merits of the case came four days prior to Mr. Barger's promotion. Thus, the Court finds that res judicata does not apply to the Barger-related claims because Conitz had insufficient time to bring such claims in the prior litigation. Nonetheless, Counts I, II, III, V, and VII are barred by res judicata because they could have easily been brought in Conitz I.[18]

### B. Counts IV, VI and VIII Are Not Barred By the Doctrine of Collateral Estoppel

Although the claims stemming from the July 2008 promotion of Charles Barger are not subject to res judicata, they are barred by the doctrine of collateral estoppel. Collateral estoppel, also known as issue preclusion, "bars the relitigation of issues actually adjudicated in previous litigation between the same parties."[19] A party invoking collateral estoppel must show that 1)

---

[18] The Court need not address Conitz's frivolous claim that he did not receive a full and fair hearing in Conitz I; the Ninth Circuit has already disposed of this argument. Docket 20, Exhibit 1 at 3.

[19] Littlejohn v. U.S., 321 F.3d 915, 923 (9th Cir. 2003) (citing Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992)).

the issue at stake is identical to an issue raised in the prior litigation; 2) the issue was actually litigated in the prior litigation; and 3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action.[20]

In Conitz I, this Court granted summary judgment to Teck on two independent bases. First, the Court held that Conitz had failed to establish a prima facie case for discrimination because the evidence clearly showed that he was less qualified than the employees chosen for the promotions in 2004 and 2005.[21] The Court also held that even if Conitz could make a prima facie showing of discrimination, "application of the shareholder hiring preference is not prohibited by law because it is based on the permissible distinction of shareholder status rather than race."[22]

With regard to Conitz's qualifications, there can be no collateral estoppel in this case. The Court's determination that Conitz was unqualified for the 2004 and 2005 promotions was necessarily limited to those particular promotions. To say that there were more qualified candidates in those years does not

---

[20] Id.

[21] Docket 10, Exhibit 2 at 3.

[22] Docket 10, Exhibit 2 at 4.

foreclose the possibility that he could have been equally qualified or more qualified for the 2008 promotion than Mr. Barger.

Meanwhile, the legal question of whether the shareholder preference is a form of racial discrimination is presented in this case in an identical manner as it was in Conitz I. The Court ruled in Conitz I that the policy was not racially discriminatory because shareholder status is not a proxy for race; the Court noted that there are a number of NANA shareholders who are not Alaska Natives.[23] The parties had a full and fair opportunity to litigate the issue in Conitz I. There is no evidence to indicate that the result should be any different in this case.

Yet collateral estoppel is inappropriate on this question as well because it was only one of two independent reasons for the Court's ruling. Because collateral estoppel is only appropriate when the issue is "a critical and necessary part of the judgment in the earlier action," the Ninth Circuit has held that collateral estoppel may not be applied if the judgment in the prior suit "'could have been rationally grounded upon an issue other than that which the defendant seeks to foreclose from consideration.'"[24] This

---

[23]   Docket 10, Exhibit 2 at 4.

[24]   Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997) (quoting Eureka Fed. Sav. & Loan Ass'n v. American Casualty Co. of Reading, Penn., 873 F.2d 229, 233 (9th

ORDER REGARDING MOTION FOR SUMMARY
 JUDGMENT AT DOCKET 29 - 9
4:09-CV-0020-RRB

Court has previously held that "when a decision of a court of the first instance is based on alternative determinations, the decision could be characterized as a nonessential determination because the two alternatives may not have been analyzed as closely, and because the losing party may have been dissuaded from appealing the decision due to the likelihood that at least one of them might be upheld."[25] In so holding, the Court cited the Restatement Second of Judgments § 27 comment I, which provides as follows: "If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone."[26] Thus, had Conitz not appealed the Court's ruling, neither basis for the decision would be given preclusive effect.

Of course, Conitz did appeal both bases for the Court's decision in Conitz I. Although this Court has never considered what preclusive effect if any to give an alternative basis of decision which is not addressed on appeal, the Restatement Second of

---

Cir. 1989).

[25]   Marathon Oil Co. v. Babbitt, 938 F. Supp. 575, 579 n. 9 (D. Alaska, 1996), (citing Restatement (Second) of Judgments § 27 cmt. I (1982).

[26]   Restatement (Second) of Judgments § 27 cmt. I (1982)

Judgments § 27, comment o sets forth the following rule: "If the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination."[27] That, of course, is the situation presented here. Although Teck encourages the Court not to follow the Restatement's rule, it gives no reason why the Court should decline to follow the Restatement on this issue when it has adopted it on others.[28] Conitz never obtained an appellate ruling on the validity of the shareholder preference; it therefore is not due collateral estoppel effect.

Naturally, there is little to indicate that the Court would rule any differently on the legitimacy of the shareholder preference if the question were presented again in this litigation. Nonetheless, the Court has not been asked to make such a ruling; rather, the only issue presented is whether the ruling in Conitz I is preclusive in this case. Nor would it be appropriate for the

---

[27]   Restatement (Second) of Judgments § 27 cmt. o (1982).

[28]   See Docket 42 at 9.

ORDER REGARDING MOTION FOR SUMMARY
 JUDGMENT AT DOCKET 29 - 11
4:09-CV-0020-RRB

Court to rule on the issue and issue summary judgment *sua sponte*.[29] Any such ruling will only be made upon motion by the defendants.

**V.   CONCLUSION**

Counts I, II, III, V, and VII of the Complaint are barred by res judicata because they could have been brought in Conitz's prior suit. With regard to these claims, Teck's Motion for Summary Judgment at **Docket 29** is **GRANTED**. Counts IV, VI, and VIII are not subject to res judicata because they stem from a transaction which occurred just shortly after this Court had already ruled against Conitz on his earlier claims. Nor are the remaining counts subject to collateral estoppel; they do not present precisely the same factual basis on which the Ninth Circuit upheld the judgment in Conitz I. With regard to these claims, the Motion is **DENIED.** For the same reasons, NANA's Motion for Summary Judgment at **Docket 37** is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

ENTERED this 4th day of November, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[29]   See Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998) ("*Sua sponte* summary judgment is only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'") (quoting Buckingham v. United States, 998 F.2d 735, 742 (9th Cir.1993).