SEAN PARNELL, GOVERNOR

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:    (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX:       (907) 278-8588

# HUMAN RIGHTS COMMISSION

Kenneth L. Covell
Attorney at Law
712 Eighth Avenue
Fairbanks, Alaska 99701

Sean Halloran, Esq.
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501-4352

Re:   **Gregg W. Conitz v. Teck Cominco Alaska, Inc.**
      ASCHR No. E-08-032

## DETERMINATION

Under the authority of AS 18.80.110, the Alaska State Commission for Human Rights has impartially investigated this complaint and now issues the following determination.

With the exception noted below, this complaint was timely filed in accordance with 6 AAC 30.230(b). Respondent is subject to the Commission's jurisdiction, and all other jurisdictional requirements have been met.

Complainant works for respondent as a mine operator at Red Dog Mine, Alaska. Complainant alleges that he qualified for and applied for respondent's two available supervisory positions. Complainant alleges that respondent selected less qualified Alaska Natives for the positions. Complainant alleges that respondent discriminated against him because of his race, Caucasian, and retaliated against him for filing an earlier discrimination complaint.

Respondent denies complainant's allegations. Respondent asserts that it operates Red Dog Mine as part of a joint venture with NANA Regional Corporation ("NANA"), a Native Corporation exempt from discrimination laws pursuant to the Alaska Native Claims Settlement Act. Respondent further asserts that the Alaska State Commission for Human Rights had previously determined, and the U.S. District Court had held, that respondent's hire preference for NANA shareholders did not violate Alaska law due to the joint venture existing between respondent and NANA. Respondent asserts that complainant's retaliation allegation has been fully litigated in U.S. District Court. Respondent asserts that it did not invoke its shareholder preference when it promoted other employees to the supervisory positions at issue in complainant's complaint. Respondent asserts that the candidates selected were better qualified for the supervisor positions.

Complainant filed his charge of discrimination on September 8, 2008, with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended. The charge was co-filed with the Alaska State Commission for Human Rights ("Commission") pursuant to a work sharing agreement. The EEOC issued a Dismissal and Notice of Rights on January 30, 2009, stating that the issues raised in complainant's charge were being litigated in Federal court. The Commission did not adopt the EEOC's findings as complainant's charge raised new issues not included in his lawsuit.

Investigation showed that respondent hired complainant on April 9, 1990, and currently employs him as a mine operator. In 2006 complainant filed a charge of discrimination against respondent with the EEOC and subsequently filed a lawsuit in Federal court alleging that respondent discriminated against him because of his race.

In the instant complaint complainant alleged that he applied and qualified for respondent's available mine operations supervisor position in November 2007, and that respondent selected a less qualified Alaska Native candidate. This allegation was not jurisdictional for the Commission as it was untimely when complainant filed his charge before the EEOC on September 8, 2008, and it was not addressed in this investigation.

Complainant also alleged that he applied for and qualified for respondent's available mine operations supervisor job in July 2008, and that respondent selected a less qualified Alaska Native candidate who was a NANA shareholder. Evidence showed that respondent delegated authority to its general foreman to fill the position at his discretion with the best qualified candidate, regardless of shareholder status. Complainant was among the qualified candidates the foreman considered for the position.

Testimony indicated that the general foreman selected a candidate who was not only a better equipment operator than complainant, but who, in the foreman's opinion, had a better safety record, better leadership skills, broader experience, and a better attitude than complainant. While the investigation showed that complainant had more years of experience than the successful candidate, evidence did not show that complainant was better qualified for the supervisor position. Testimony showed that respondent's general foreman was aware of litigation involving complainant's non-selection for a position, but testimony also indicated that the foreman did not consider this when he made the selection for the supervisory position. Testimony also showed that shortly before applying for this mine operations supervisor position, complainant applied for respondent's available trainer position, for which complainant was also qualified. The successful candidate was non-Native and not a NANA shareholder.

Investigation did not show that respondent discriminated against complainant because of his race or that it retaliated against him for complaining of discrimination. Therefore, having concluded the investigation, I find that complainant's allegations are not supported by substantial evidence.

_8/20/09_                                        _[signature]_
Date                                             Robert C. Eddy

| Determination | Page 2 | E-08-032 |
|---|---|---|

Investigations Director

On behalf of the executive director, I approve this determination. The Commission staff will take no further action and the case is now dismissed.

August 20, 2009
Date

Nanette C. Gay
Investigations Director

Enclosure: Closing Order

STATE OF ALASKA

## HUMAN RIGHTS COMMISSION

**SEAN PARNELL, GOVERNOR**

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:    (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX:       (907) 278-8588

Kenneth L. Covell
Attorney at Law
712 Eighth Avenue
Fairbanks, Alaska 99701

Sean Halloran, Esq.
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501-4352

Re:   **Gregg W. Conitz v. Teck Cominco Alaska, Inc.**
       ASCHR No. E-08-032

### CLOSING ORDER

Pursuant to AS 18.80.010 et seq., this case is hereby closed for the following reason:

Investigation did not find substantial evidence to support the allegations in the complaint.

_August 20, 2009_
Date

Paula M. Haley
Executive Director

By: _Nanette Gay_
Nanette C. Gay
Investigations Director

### Notice of Right to Judicial Review

Alaska Statutes 44.62.560 - 44.62.570 provide for judicial review of this order by the Superior Court. A Notice of Appeal must be filed with the Superior Court within 30 days of the date this order is mailed.