Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:     (907) 451-7802
E-mail:  kcovell@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| GREGG CONITZ,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>TECK ALASKA INCORPORATED,<br><br>　　　　Defendant. | Case No. 4:09-cv-20 RRB |

**MOTION TO STRIKE PORTIONS OF SOMERS DECLARATION, DOC. 51-9 AND ZIGARLIC DECLARATION, DOC. 41-3**

Defendant claims that it may be exempt to Title VII of the Civil Rights Act, pursuant to 43 U.S.C. 1626(g). In support thereof, it submits the Declaration of Somers, Doc. 51-9 and Declaration of Zigarlic, Doc. 41-3.

**SOMERS DECLARATION**

In the Somers Declaration, Doc. 51-9, para. 6, Somers states, "The Red Dog Project is a joint venture under Alaska common law in which Teck Alaska Incorporated and NANA Regional Corporation each participate. NANA's equity interest in that project is currently 25%, and is scheduled to increase to 30% in 2011."

Mr. Somers is the personnel director for Teck. In making this statement, Mr. Somers (a) usurps the authority of this Court, and (b) offers expert testimony as to what may constitute a "joint venture" under "Alaska common law." Mr. Somers gives no basis for this opinion.

FRCP 26 (a)(2)(B) requires that a written report be submitted for expert testimony. The report must contain the following:

i. a complete statement of all opinions the witness will express and the basis and reasons for them;
ii. the data or other information considered by the witness in forming them;
iii. any exhibits that will be used to summarize or support them;
iv. the witness's qualifications, including a list of all publications authored in the previous 10 years;
v. a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
vi. a statement of the compensation to be paid for the study and testimony in the case.

Mr. Somers has neither the legal qualification to make such statements; nor has he submitted a written report required prior to doing so.

Plaintiff moves the Court to strike the first two sentences from paragraph 6 of the Somers Declaration from the record.

The second sentence in that paragraph, "NANA's equity interest in that project is currently 25%, and is scheduled to increase to 30% in 2011," is dependent on the conclusion of the first sentence and is meaningless without the first sentence, as well.

Further, whether or not there is such a thing as a quote "Red Dog Project;" and whether or not it is a joint venture, is irrelevant to the proceeding. Conitz works for Teck. Conitz is suing Teck. Conitz is asking for an injunction against Teck.

### ZIGARLICK DECLARATION

In the Zigarlick Declaration, [Doc. 41-3](Doc. 41-3), para. 4, Zigarlick states, "The Red Dog Project is much like any joint venture." Plaintiff suggests that such a statement is likely meaningless. The Red Dog Project may be much like tomato soup. However, since Defendant cites it in regard to its claim of an exemption under §1626(g), they must wish the Court to take it in similar vein as the statement of Somers.

For the reasons stated above, Conitz moves the Court to strike the third sentence of paragraph 4 of the Zigarlick Declaration.

### CONCLUSION

Teck attempts to establish that it is a joint venture by unsupported declarations giving expert testimony. No joint venture exists. The corporate disclosure statements of the Defendants say so. The Defendants produce no documentation of a joint venture; and really make self-serving statements to that affect. The statements offer expert testimony outside the expertise of the witnesses; and any such evidence has not been properly introduced.

The Court in the past has limited Plaintiff's discovery on the business relationship between Teck and NANA. However, we do know that Teck and NANA have a lease agreement. The Court should not allow unsubstantiated, self-serving, unqualified expert testimony into the record in the matter.

RESPECTFULLY SUBMITTED this 23rd day of November 2009, at Fairbanks, Alaska.

LAW OFFICE OF KENNETH L. COVELL
Attorney for the Plaintiff, Gregg Conitz
s/ Kenneth L. Covell
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: (907) 452-4377
Fax: (907) 451-7802
Email: kcovell@gci.net
ABA No. 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been served electronically through ECF to the following attorney(s) and/or parties of the record:

**Sean Halloran**

**Thomas Daniel**

Dated: November 23, 2009
By:  s/ Kenneth L. Covell