| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|
| Cominco Alaska, Inc. <br> P. O. Box 1230 <br> Kotzebue, AK 99752 | Joseph A. Pankowski <br> THIS PERSON (Check One) <br> ☐ CLAIMS TO BE AGGRIEVED <br> ☐ IS FILING ON BEHALF OF OTHER PERSON(S) <br> DATE OF ALLEGED VIOLATION <br> PLACE OF ALLEGED VIOLATION <br> EEOC CHARGE NUMBER <br> 38P910154 <br> FEPA CHARGE NUMBER (If known) <br> C-91-093 |

**NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE AN FEP AGENCY WILL INITIALLY PROCESS**
(See reverse side of this Notice for additional information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

☒ Title VII of the Civil Rights Act of 1964

☐ The Age Discrimination in Employment Act of 1967 (ADEA)

HAS BEEN RECEIVED BY

☒ The EEOC and sent for initial processing to _____ (FEP Agency)

ALASKA STATE COMM. FOR HUMAN RIGHTS
800 "A" STREET SUITE 202
ANCHORAGE, AK. 99501-3628

☐ The _____ (FEP Agency) and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

☒ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the reverse side of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. 206(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

☒ Enclosure: Copy of the Charge

**BASIS OF DISCRIMINATION**

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RETALIATION   ☐ AGE   ☐ RELIGION   ☐ NATIONAL ORIGIN

CIRCUMSTANCES OF ALLEGED VIOLATION:

| DATE | TYPED NAME OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 4-26-91 | Jeanette M. Leino, District Director | Jeanette M. Leino |

EEOC FORM 131-A   PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED   RESPONDENT'S COPY

Defendant
EXHIBIT  1  p 1  of 6

Exh. B, page 1

# ALASKA STATE COMMISSION FOR HUMAN RIGHTS

**COMPLAINT OF DISCRIMINATION**  ASCHR NO. C-91-093

I would also like this complaint filed with ____EEOC____ and ____N/A____

| | | |
|---|---|---|
| COMPLAINANT: Joseph A. Pankowski | TELEPHONE NUMBER: (907) 561-4970 (NIGHT) | (DAY) |
| ADDRESS: 4000 Wyoming Drive #1 | CITY: Anchorage | STATE: AK   ZIP: 99517 |
| RESPONDENT: COMINCO Alaska Inc. | TELEPHONE NUMBER: (907) 426-2170 | |
| ADDRESS: P. O. Box 1230 | CITY: Kotzebue | STATE: AK   ZIP: 99752 |

DATE OF MOST RECENT OR CONTINUING DISCRIMINATION  2/16/91      RESPONDENT EMPLOYS  15 or more  EMPLOYEES

I applied for an available equipment operator or laborer position with respondent in October 1990 and again on February 13, 1991. Respondent failed to hire me for either position on October 24, 1990 and February 16, 1991 respectively.

Respondent's personnel officer, Ted Westlake, stated in his October 24, 1990 rejection letter that "we do not have any openings that we could discuss with you at this time". In Westlake's February 16, 1991 rejection letter, he informed me that respondent's contract with NANA Regional Corporation requires them to "give preference for hire to qualified NANA Shareholders".

I allege that respondent has discriminated against me on the basis of my race, Caucasian, in violation of AS 18.80.220 and Title VII of the Civil Rights Act of 1964, as amended, for the following reasons:

1. Respondent's practice of giving hiring preference to NANA shareholders favors Alaskan Native applicants and discriminates against non-Native applicants.

2. I am qualified for the position; I was rejected solely because I am not Alaskan Native.

I pledge to inform the Human Rights Commission and any other agency listed above of any change in my address or telephone number and will cooperate fully with them in the processing of this complaint.

I swear or affirm that I have read the above complaint and that it is true to the best of my knowledge, information and belief.

_Joseph A. Pankowski_  4-9-91
SIGNATURE OF COMPLAINANT   DATE

Subscribed and Sworn to me this 9th day of April, 1991 at Anchorage, Alaska

_Penelope G. Kamas_
SIGNATURE OF NOTARY PUBLIC/POSTMASTER
MY COMMISSION EXPIRES May 27, 1994

If no notary public or postmaster is available please certify below.

A notary public or other official empowered to administer oaths is not available. Therefore, I swear and certify under penalty of perjury that the above complaint is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT   DATE

PLACE (City, Town or Village and State)

ASCHR FORM NO. 85-09                                                      09-16-88

Defendant EXHIBIT 1 p 2 of 6

Exh. B, page 2

STATE OF ALASKA

WALTER J. HICKEL, GOVERNOR

HUMAN RIGHTS COMMISSION

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE: (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX: (907) 278-8588

Joseph A. Pankowski
4200 Florina #2
Anchorage, AK  99508

Chris Foote Hyatt
Hartig, Rhodes, Norman, Mahoney & Edwards
717 K Street
Anchorage, AK  99501

RE:  Joseph A. Pankowski v. Cominco Alaska, Inc.
     ASCHR No.  C-91-093
     EEOC No.   38A910114

## DETERMINATION

Under the authority of AS 18.80.010 et seq., the Alaska State Commission for Human Rights has impartially investigated this complaint and now issues the following determination.

This complaint was timely filed in accordance with 6 AAC 30.230(b). Respondent is subject to the commission's jurisdiction and all other jurisdictional requirements have been met.

Complainant alleges that respondent failed to hire him for an available equipment operator or laborer position because of his race, Caucasian.

Respondent denies complainant's allegation. Respondent asserts that it has an agreement with a Nana Regional Corporation, a Native corporation, which allows respondent to operate on Native land and work as a partner. The agreement with the Native corporation requires that respondent exercise shareholder preference in hiring to fill positions.

According to the principles of discrimination law, complainant must first establish a prima facie case, that is, a set of facts which raises an inference of race discrimination, before respondent can be required to justify its actions.

To establish a prima facie case in a failure to hire, complainant must show that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, complainant was

Toll Free
In Alaska (800) 478-4692
TTY / TDD Only (800) 478-3177

01-A4LH

Defendant EXHIBIT 1 p 3 of 6

Exh. B, page 3

Determination                    Page 2                         C-91-093

rejected, and (4) after his rejection, the position complainant applied for remained open, the employer continued to accept applications from persons with complainant's qualifications, and respondent filled the position with similarly qualified non-members of complainant's protected class.

Investigation showed that complainant has established a _prima facie_ case in that he is a member of a protected class, Caucasian; he was qualified and applied for available equipment operator or laborer positions; respondent rejected complainant; and, respondent placed similarly qualified Alaskan Natives in available equipment operator and laborer positions.

Investigation showed that complainant initially applied for available "operator or entry level labor" positions in October 1990. In a letter dated October 24, 1990 respondent's personnel officer stated that respondent did not have any openings. Complainant reapplied on February 13, 1991. Complainant received a second letter dated February 16, 1991 indicating that respondent hires qualified NANA shareholders before considering other applicants.

Once complainant has established a _prima facie_ case, respondent is required to provide a legitimate, nondiscriminatory reasons for its actions.

Respondent's position is that its action in this matter did not violate Alaska law prohibiting discrimination because it placed qualified NANA shareholders in equipment operator or laborer positions for which complainant applied.

Investigation revealed that the individuals selected were qualified for the positions in question. Evidence showed that respondent hired these individuals based on their status as shareholders of Nana Regional Corporation (Nana).

Recently in the case of Olsen, Taggart, and Phipps v. Eyak Village Corporation, the Commission found that section 26 (G) of the Alaska Native Claims Settlement Act Amendments of 1987 (ANCSA) did not preempt the Commission's authority to investigate complaints against Native corporations, but did make it legal for Native corporations to give hiring preferences to their shareholders. Evidence showed that respondent is a corporation operating on land owned by an Alaskan Native Corporation as defined under ANCSA. Furthermore, respondent's agreement with this Native Corporation grants respondent the right to develop and operate on Native land in exchange for receiving certain royalties plus 25-50% of the net proceeds. The project is overseen by a management committee composed of an equal representation of respondent and Nana.


Defendant EXHIBIT 1 p 4 of 6

| Determination | Page 3 | C-91-093 |
|---|---|---|

Complainant is not a NANA shareholder and therefore was not hired when respondent found similarly-qualified shareholders for the equipment operator or laborer positions.

Complainant provided no evidence to show that respondent's reasons for failing to hire him were pretextual.

Having concluded the investigation, I determine that respondent's defense to complainant's prima facie case is legitimate and nondiscriminatory and that complainant has failed to rebut respondent's legitimate nondiscriminatory reason. Therefore, I find that complainant's allegations are not supported by substantial evidence.

MAY 26, 1993
Date

Anne Sakumoto
Investigator

On behalf of the executive director, I approve this determination. Therefore, the commission staff will not proceed to conciliation, settlement, or a hearing after which a decision on the merits would be rendered. The commission staff will take no further action and the case is now dismissed.

May 28, 1993
Date

Evelyn A. Ramos
Director of Investigations

### RECONSIDERATION

A complainant may request reconsideration of this determination by applying to the chairperson of the commission. The application must be in writing, not to exceed three pages, must state generally the grounds upon which it is based, and be filed with the chairperson within 30 days after service of the closing order unless the chairperson grants an extension.

Enclosure: Closing Order

Defendant EXHIBIT C p 5 of 6

# STATE OF ALASKA

## HUMAN RIGHTS COMMISSION

WALTER J. HICKEL, GOVERNOR

800 A STREET, SUITE 204
ANCHORAGE, ALASKA 99501-3669
PHONE:   (907) 274-4692 / 276-7474
TTY/TDD: (907) 276-3177
FAX:     (907) 278-8588

Joseph A. Pankowski
4200 Florina #2
Anchorage, AK  99508

Chris Foote Hyatt
Hartig, Rhodes, Norman, Mahoney & Edwards
717 K Street
Anchorage, AK  99501

RE:  Joseph A. Pankowski v. Cominco Alaska, Inc.
     ASCHR No.  C-91-093

### CLOSING ORDER

Pursuant to AS 18.80.010 et seq., this case is hereby ordered closed for the following reason:

> Investigation did not find substantial evidence to support the allegations in the complaint.

May 28, 1993
Date

Paula M. Haley
Executive Director

By: _Evelyn A. Ramos_
Evelyn A. Ramos
Director of Investigations

Toll Free
In Alaska (800) 478-4692
TTY / TDD Only (800) 478-3177

Defendant EXHIBIT L p 6 of 6

01-A4LH