BOOK 0055 PAGE 542

given or made in respect to the Mortgaged Property or the Subject Lands or with respect to any part thereof.

Section 2.2 <u>Certain Covenants</u>. The Company agrees with the Trustee and the Beneficiaries so long as any part of any of the indebtedness described in Article I of this Deed of Trust remains indefeasibly outstanding or unpaid, unless the Beneficiaries shall have otherwise consented in writing:

A. <u>Payment of Certain Taxes</u>. The Company will cause payment to be made promptly, as the same become due (or, as to any thereof which are being contested in good faith, promptly after the determination of such contest), of all <u>ad valorem</u> taxes (or taxes imposed in lieu thereof) assessed against the Mortgaged Property (or the interest of the Trustee or Beneficiaries or any other holder of indebtedness secured hereby), all taxes and assessments of any kind whatsoever imposed upon this instrument or other indebtedness secured hereby and all gross production, gross receipts, gross income, mining, severance, import, occupation, transaction, privilege, education, reclamation, conservation, environment, income, sales, excise, mortgage and other taxes and assessments of any kind whatsoever levied, collected, imposed or assessed with respect to or measured by or charged against or attributable to the Mortgaged Property, the Mining Documents or the mining, lifting or extraction of Minerals or in connection with the acquisition, ownership or mortgaging of the Mortgaged Property, or any part thereof, and will maintain and preserve the lien of and security interest created by this instrument.

B. <u>Perfection and Maintenance of Lien and Security Interest</u>. The Company will, on request of the Trustee or the Beneficiaries, promptly correct any defect, error or omission which may be discovered in the contents of this instrument or in the execution or acknowledgment hereof, and will execute and deliver such further instruments and do such further acts as may be necessary or reasonably requested by the Trustee or the Beneficiaries to carry out more effectively the purposes of this instrument and to subject to the lien of this instrument and the security interest hereby created in any of the Mortgaged Property, rights or interests covered or intended to be covered hereby, and to perfect and maintain such lien and security interest.

-7-

BOOK **0055** PAGE **543**

C. <u>Payment of Obligations</u>. The Company will duly and punctually pay each and every obligation owing hereunder or secured hereby in accordance with the terms hereof and thereof.

D. <u>Recordings and Filings</u>. The Company will promptly and at its own expense record and re-record, file and refile and register and re-register this instrument and every other instrument in addition or supplemental hereto that shall be required by law in order to perfect and maintain the lien of this instrument and the security interest intended to be created hereby (including instruments amendatory hereof or supplemental hereto necessitated by amendments or supplements to the Mining Documents), in such manner and places and within such times as may be necessary to perfect and maintain such lien and security interest and preserve and protect the rights and remedies of the Trustee and the Beneficiaries, and will furnish satisfactory evidence of every such recording, filing and registration to the Trustee and the Beneficiaries.

E. <u>Company to Take Action to Enforce</u>. The Company will, upon request of the Trustee or the Beneficiaries, promptly take all such action, without incurring unreasonable costs, as may be so requested to enforce or secure the observance or performance of any term, covenant, agreement or condition of the Mining Documents to be performed by parties thereto other than the Company, or to exercise any of its rights, remedies, powers and privileges under the Mining Documents, all in accordance with the respective terms thereof.

F. <u>Defense of Title</u>. If rights of the Trustee in the Mortgaged Property or any part thereof or the lien of or security interest created by this instrument thereon shall be challenged or attacked directly or indirectly, or if any legal proceedings are instituted against the Company, the Trustee, the Beneficiaries or any Lender with respect thereto, the Company will promptly give written notice thereof (to the extent known to it) to the Trustee and the Beneficiaries and, at its own cost and expense, the Company will exert itself diligently to cure or cause to be cured, without incurring unreasonable costs or material obligations in relation to the value of the Mortgaged Property, any defect that may be developed or claimed and will take all necessary and proper steps for the protection and defense thereof and will take such action as is reasonably appropriate to the defense of any such legal

-8-

BOOK 0055 PAGE 544

proceedings, including, but not limited to, employment of counsel, the prosecution and defense of litigation and the compromise or release and discharge of any adverse claims made. The Company hereby authorizes the Beneficiaries, at the Company's expense, to take all steps deemed by the Beneficiaries, at any time and from time to time, to be reasonably necessary or desirable for the defense and protection of the rights of the Trustee in the Mortgaged Property (or any part thereof) and in the lien of and the security interest created by this instrument should (in the opinion of such holder) the Mortgaged Property, such lien or security interest be challenged or be directly or indirectly attacked, such steps including, but not being limited to, the employment of independent counsel, the prosecution and defense of litigation and the compromise or release and discharge of any adverse claims made.

Section 2.3 <u>Exercise of Company's Rights by Trustee or Beneficiaries</u>. To the full extent that it lawfully may, the Company hereby agrees that the Trustee or the Beneficiaries shall be entitled at any time or from time to time following the occurrence and continuance of an Event of Default (i) to exercise all of the rights, remedies powers and privileges vested in the Company under the Mining Documents, (ii) to give or withhold all consents, requests, directions, notices, approvals and waivers required or permitted under the Mining Documents, which the Company would otherwise be entitled to give or withhold, and (iii) to perform or cause to be performed any act which the Company is required to perform under subsection D of Section 2.2 hereof and determine the manner and extent of the performance by the Company of any such act. The Company will, upon request of the Trustee or the Beneficiaries execute and deliver to such person or persons as may be designated by the Trustee or the Beneficiaries appropriate powers of attorney to act for and on behalf of the Company in all transactions of the Company with any agency, department or subdivision of any state or of the United States relating to any of the Mortgaged Property.

Section 2.4 <u>Expenses Incurred in Performing in Lieu of Company</u>. The Company agrees that, if it fails to perform any act or to pay any money which it is required to perform or pay hereunder or under any other instrument relating hereto, the Trustee or the Beneficiaries may, but shall not be obligated to, perform or cause to be performed such act and may pay such money, and any reasonable expenses thereby incurred by the Trustee or the Beneficiaries, and any monies so paid, shall be a demand obligation owing by the Company and shall bear interest at a rate equal to the

-9-