BOOK 0055 PAGE 551

Section 5.3 <u>Trustee Includes Successors</u>. In this instrument, unless the context otherwise requires, the "Trustee" shall mean the Trustee hereinbefore named and any successor Trustee.

Section 5.4 <u>Indemnity to Trustee</u>. The Trustee shall not be required to take any action for the enforcement of this instrument or the exercise of any rights or remedies hereunder or to appear in or defend any action, suit or other proceeding in connection therewith, where, in the opinion of the Trustee, such action will be likely to involve them in expense or liability, unless the Trustee be tendered security and indemnity satisfactory to him against cost, expense or liability in connection therewith.

ARTICLE VI

MISCELLANEOUS PROVISIONS

Section 6.1 <u>No Waiver</u>. All options and rights of election herein provided for the benefit of the Beneficiaries are continuing, and the failure to exercise any such option or right of election upon a particular default or breach or upon any subsequent default or breach shall not be construed as waiving the right to exercise such option or election at any later date. By the acceptance of payment of any indebtedness secured hereby after its due date, the holder of such indebtedness does not waive the right either to require prompt payment when due of all other sums so secured or to regard as a default the failure to pay any other sums due which are secured hereby. No exercise of the rights and powers herein granted and no delay or omission in the exercise of such rights and powers shall be held to the exercise of such rights and powers shall be held to exhaust the same or be construed as a waiver thereof, and every such right and power may be exercised at any time and from time to time.

Section 6.2 <u>Lien of Mortgage Unaffected Except to Extent of Release</u>. No release of any part or the Mortgaged Property shall in any way alter, vary or diminish the force, effect or lien of this instrument on the balance of the Mortgaged Property.

Section 6.3 <u>Notices</u>. Any notice herein provided to be sent to the Company by the Trustee, or by the Beneficiaries, shall be sent by registered or certified mail, return receipt requested, postage prepaid, addressed as follows:

-16-

BOOK 0055 PAGE 552

Cominco Alaska Incorporated
5660 "B" Street
Anchorage, Alaska 99518
Attention: Mr. Peter Guthrie

The address of the Trustee is 3333 Denali Street, Anchorage, Alaska 99503.

Section 6.4 Severability. It is further understood and agreed that, if any provision hereof is invalid or unenforceable in any jurisdiction, the other provisions hereof shall remain in full force and effect in such jurisdiction and the remaining provisions hereof shall be liberally construed in favor of the Trustee and the Beneficiaries in order to effectuate the provisions hereof, and the invalidity or unenforceability of any provision hereof in any jurisdiction shall not affect the validity or enforceability of any such provision in any other jurisdiction.

Section 6.5 Substitution and Subrogation of Trustee. This instrument is made with full substitution and subrogation of the Trustee and his successors or substitutes in this trust and to his successors and assigns in and to all covenants and warranties by others heretofore given or made in respect of the Mortgaged Property or the Subject Lands, or any part of either thereof.

Section 6.6 Successors and Assigns. The terms, provisions, covenants and conditions hereof shall bind and inure to the benefit of the respective heirs, executors, administrators, personal representatives, successors and assigns of the Company, the Trustee, and the Beneficiaries.

Section 6.7 Execution in Counterparts. This Deed of Trust may be executed in several counterparts, each of which shall be an original and all of which shall be identical. Each of such counterparts shall for all purposes be deemed to be an original, and all such counterparts shall together constitute but one and the same Deed of Trust.

Section 6.8 Headings. The headings and subheadings contained in this Deed of Trust are for convenience of reference only and shall not constitute a part of this Deed of Trust for any other purpose.

Section 6.9 Security Agreement. This Deed of Trust is considered by the parties hereto to constitute a Security Agreement in respect of the Mortgaged Property to the extent such Mortgaged Property shall be deemed personalty for which perfection of a security interest would

-17-

BOOK 0055 PAGE 553

require steps to be taken pursuant to the Uniform Commercial Code and the Company hereby authorizes the filing of an executed copy of this Deed of Trust as a Security Agreement and Financing Statement in all appropriate or desirable filing offices.

Section 6.10 <u>Subordination</u>. The rights and remedies of Cominco Ltd. under this Deed of Trust are subordinate to the rights and remedies of the Lenders and the RWC Facility Lenders in accordance with the Subordination Agreement, dated as of March 30, 1988, among Cominco Alaska Incorporated, Cominco Ltd., and Union Bank of Switzerland, New York Branch, as Agent for the Lenders and the RWC Facility Lenders. The rights and remedies of Cominco American Incorporated under this Deed of Trust are subordinate to the rights and remedies of the Lenders and the RWC Facility Lenders in accordance with the Cominco American Incorporated Subordination Agreement, dated as of March 30, 1988, among Cominco Alaska Incorporated, Cominco American Incorporated, and Union Bank of Switzerland, New York Branch, as Agent for the Lenders and the RWC Facility Lenders. The rights and remedies of Cominco Finance Corporation under this Deed of Trust are subordinate to the rights and remedies of the Lenders and the RWC Facility Lenders in accordance with the Guarantee Subordination Agreement, dated as of July 15, 1988, among Cominco Alaska Incorporated, Cominco Finance Corporation, and Union Bank of Switzerland, New York Branch, as Agent for the Lenders and the RWC Facility Lenders.

Section 6.11 <u>Priorities Between Beneficiaries</u>. The rights and remedies of Cominco Ltd. under this Deed of Trust are prior and paramount to the rights and remedies of Cominco American Incorporated and Cominco Finance Corporation under this Deed of Trust. The rights and remedies of Cominco American Incorporated under this Deed of Trust are prior and paramount to the rights and remedies of Cominco Finance Corporation under this Deed of Trust.

Section 6.12 <u>Prohibition on Transfers to Third Parties</u>. The rights and remedies of the Beneficiaries under this Deed of Trust shall not be transferred except as between the Beneficiaries or to <u>Wholly-owned Subsidiaries</u> of Cominco Ltd., Cominco American Incorporated, or Cominco Finance Corporation. Cominco American Incorporated and Cominco Finance Corporation shall continue to be <u>Wholly-owned Subsidiaries</u> of Cominco Ltd.

Section 6.13 <u>Subrogation Rights</u>. Notwithstanding any other provisions herein, this Deed of Trust shall not impair the rights and remedies that Cominco Ltd., Cominco

-18-