Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4377
Fax: (907) 451-7802
E-mail: kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

GREGG CONITZ,

  Plaintiffs,

vs.

TECK ALASKA INCORPORATED,

  Defendant.

Case No. 4:09-cv-20 RRB

STATE OF ALASKA )
        ) ss
FOURTH JUDICIAL DISTRICT )

### AFFIDAVIT OF COVELL
(In Support of Motion to Stay, Strike, or Deny Defendant Teck's Mis-Named "Cross Motion" for Summary Judgment at Docket 57)

I, Kenneth L. Covell, being first duly sworn, depose and aver as follows:

1) I am counsel in the above captioned matter.

2) The plaintiff has asked the Court to setup a procedure in this matter so that the Alaska Native/NANA Shareholder hire preference, that is the "very essence" of this case, can be decided.

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

*Affidavit of Covell*                           Page **1** of 4

3) At a Status Hearing on September 4, 2009, the Court stayed discovery and allowed Defendant to re-file its Res Judicata Motion and Change of Venue Motion. The Court allowed Plaintiff Conitz to file a motion concerning the validity of the Alaska Native/NANA Shareholder hire preference in the Teck workplace.

4) Teck then went and filed a "Cross Motion" for Summary Judgment with its Opposition to the Motion for Injunction. Such a motion was not contemplated by the procedures set up by the Court.

5) Teck alleges facts in its Motion for Summary Judgment. Conitz would need to conduct discovery and take depositions in order to fairly meet these allegations. For instance, Teck claims that Barger is better qualified for the job than Conitz. Conitz would need to discover Barger's employment file and documents concerning the ranking of candidates for the job.

6) Conitz would need to depose the candidates for the job and the decision-makers involved.

7) Conitz works four weeks on and two weeks off at Teck. He is scheduled to be home over the Christmas holidays, but will be going to visit an ill relative during that time period.

8) Conitz's next R&R is scheduled for early February.

9) Mr. Conitz would not be available for depositions until early February at the earliest. Conitz's schedule very well may conflict with undersigned counsel or other counsel or other proponents in the case.

10) Such conflicts would force discovery out until his next assigned R&R, which would probably fall in March. Again, there may be scheduling issues even at that time.

LAW OFFICES OF
ENNETH L. COVELL
712 8TH AVENUE
IRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

*Affidavit of Covell* — Page **2** of **4**

11) Deciding the Motion for Summary Judgment is unnecessary at this time as the "very essence" of the case is contained in the Motion for Injunction. The Court ruled on May 15, 2008 that this issue ought to be decided first before the conducting of discovery, and ruled again to that affect on September 4, 2009.

12) If Conitz prevails on his Motion for Injunction and/or ruling that the Alaska Native/NANA Shareholder hire preference is illegal, Conitz will have made out a case of direct discrimination, and the structure of McDonnell Douglas will not apply to this matter.

13) Conitz's counsel cannot obtain affidavits even from Conitz at this time, as he is working at the mine and communications to the mine have been compromised by Defendant Teck's invasions of privacy.

14) Even if that were not the case, face-to-face communication is not possible at this time.

15) Additionally, many, if not all of the other actors are employees of the defendant; and cannot be contacted for affidavits; and would need to be deposed after obtaining paper discovery.

16) Normally, this process would take months and given the difficulties presented by the plaintiff's work schedule as well as many of the other employees who are on staggering work schedules different from Conitz, getting the parties together at the same time in the same place becomes more and more difficult.

17) Further, additional types of discovery that would need to be obtained would be to depose Mr. Barger regarding his experience, compare that to his work records, depose Mr. Hanna, and probably depose co-workers at the mine as well. Discovery would also

LAW OFFICES OF
ENNETH L. COVELL
712 8TH AVENUE
IRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

*Affidavit of Covell*

Page 3 of 4

need to be conducted as to whether or not there is any objective criteria used to evaluate the candidates for a job; or whether Teck solely relies on its subjective criteria.

18) Despite being wholly unfounded, Teck claims a defense under 42 U.S.C. §1626(g) that it is a joint venture with NANA. Discovery would need to be conducted concerning any agreements between Teck and NANA, specifically including any joint ventures or partnerships, but also, any other information or documentation in that regard. Depositions will need to be taken of Ted Zigarlic and Jim Somers, as well as others on this issue. Other paper discovery would need to be conducted in this regard as well.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

KENNETH L. COVELL

SUBSCRIBED AND SWORN TO me this 1st day of December, 2009 at Fairbanks, Alaska.



Donna Taylor
Notary Public
State of Alaska
Commission No. 112645
My Commission Expires
February 5, 2013

Notary Public in and for Alaska
My Commission Expires: February 5, 2013

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been served electronically through ECF to the following attorney(s) and/or parties of the record:

Sean Halloran

Thomas Daniel

Dated: December 1, 2009
By: s/ Kenneth L. Covell

*Affidavit of Covell*

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Page 4 of 4