IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGG CONITZ,<br><br>        Plaintiff,<br><br>vs.<br><br>TECK ALASKA INCORPORATED,<br><br>        Defendant. | Case No. 4:09-cv-0020-RRB<br><br>**ORDER DENYING MOTION**<br>**FOR RECONSIDERATION** |

    Before the Court is Plaintiff Gregg Conitz with a Motion for Reconsideration at Docket 95. Conitz argues that this Court should not have issued summary judgment against him with regard to his lack of employment qualifications because the factual record on that question is insufficiently developed at this stage of the proceedings. Conitz says that this is why he himself did not make a motion for summary judgment, but rather moved for a permanent injunction.[1]

    Conitz may not have requested summary judgment by name, but his motion for a permanent injunction would have required the Court to resolve the merits of the case, including all the factual

---

[1] Docket 95 at 3.

ORDER DENYING MOTION
   FOR RECONSIDERATION - 1
4:09-CV-0020-RRB

elements of his claim, in his favor.[2] This is why the Court chose to treat his motion for a permanent injunction as a motion for summary judgment and considered it together with the Defendants' motion for summary judgment.[3] By filing a motion for a permanent injunction, Conitz asserted, in essence, that there was no genuine issue of material fact in this case. The Court agrees. The issue of Conitz's qualifications, along with those of Charles Barger, have been extensively briefed and discovered by both parties. There is no need for further development of the factual record. Conitz's Motion for Reconsideration at **Docket 95** is **DENIED.**

 **IT IS SO ORDERED.**

 ENTERED this 23rd day of February, 2010.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE

---

[2] See Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d 844, 850 (3rd Cir. 1984) ("In deciding whether a permanent injunction should be issued, the court must determine if the plaintiff has actually succeeded on the merits (i.e. met its burden of proof)."); see also Howell Const., Inc. v. U.S., 12 Cl. Ct. 450 (Cl. Ct., 1987) ("[T]o succeed in a request for a permanent injunction, plaintiff must meet its burden of proof and actually succeed on the merits.").

[3] Docket 93 at 1.